**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (*pro hac vice pending*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Proposed Counsel for the Debtor*

# IN THE DISTRICT COURT OF GUAM
# TERRITORY OF GUAM
# BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>    Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**APPLICATION TO EMPLOY GIBBINS ADVISORS, LLC AS FINANCIAL ADVISOR FOR THE DEBTOR AND DEBTOR IN POSSESSION**<br><br>**Date:** _____<br>**Time:** _____<br>**Place:** _____ |

Marianas Properties, LLC (the "Debtor") files this application (the "Application") for entry of an order pursuant to sections 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules (the "Local Rules") for the United States District Court for the Territory of Guam, Bankruptcy Division (the "Court") approving the employment of Gibbins

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

24132819.v7

Advisors, LLC ("Gibbins") as financial advisor for the Debtor effective as of the Petition Date. In support of the Application, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The predicates for the relief sought in this Application are sections 327(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Rules.

## BACKGROUND

3. On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. A description of the Debtor, its business, and the facts and circumstances supporting this Motion and the reasons for commencing this case are set forth in greater detail in the *Declaration of Ajay Pothen in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

5. This Application is supported by the *Declaration of Clare Moylan in Support of the Application to Employ Gibbins Advisors, LLC as Financial Advisor to the Debtor and Debtor in Possession* (the "Moylan Declaration"), filed herewith. Attached to the Moylan Declaration is Gibbins engagement agreement with the Debtor (the "Engagement Agreement") containing terms for Gibbins retention, subject to sections 330 and 331 of the Bankruptcy Code with respect to compensation.

## GIBBINS' QUALIFICATIONS

6. Gibbins is well-qualified to serve as Debtor's financial advisor in this case. Gibbins is a full-service financial advisory firm with members who regularly advise debtors, creditors' committees, and other parties in interest in chapter 11 cases. The firm's professionals have substantial experience in virtually all financial issues that may arise in this case. This includes familiarity with all aspects of bankruptcy and restructuring.

7. Gibbins is familiar with the Debtor's business, the nature of certain of the claims asserted against the Debtor, and the posture of the case. Immediately after the Debtor requested that Gibbins represent it, Gibbins spent significant amounts of time to familiarize itself with all aspects of the Debtor's business. If the Debtor were to retain new financial advisors, considerable time and effort would need to be spent by that new financial advisory firm so that it was familiar with the Debtor's business and the Case.

## SERVICES TO BE PROVIDED

8. The Debtor anticipates that Gibbins will perform, among others, the following financial services during this chapter 11 case:

   (a) Assisting the Debtor and its advisors in restructuring efforts;

   (b) Assisting the Debtor with development and maintenance of a 13-week cash projection and other cash management and reporting activities;

   (c) Assisting and supporting the Debtor regarding bankruptcy reporting and other related compliance;

   (d) Providing services to assist the Debtor in the administration of its chapter 11 case, including but not limited to support related to motions and other required filings, claims reconciliation, and assumption and rejection analyses;

   (e) Assisting the Debtor in connection with efforts to realize its assets and development of restructuring plans which may include a disclosure statement and chapter 11 plan;

(f) Supporting and advising the Debtor in communications and negotiations with key creditor and other constituents; and

(g) Performing such other services in connection with the restructuring process as reasonably requested or directed by authorized Company personnel, consistent with the role played by GA professionals in this matter and not duplicative of services being performed by other professionals in these proceedings.

11. The Debtor believes Gibbins is well-qualified to provide each of these services.

## RELIEF REQUESTED

12. Subject to approval of this Court, the Debtor seeks approval to employ Gibbins as financial advisor in connection with this case, with such retention effective as of the Petition Date. This relief is requested pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BASIS FOR RELIEF

13. The Debtor seeks retention of Gibbins as financial advisor pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

14. Bankruptcy Rule 2014(a) requires that an application for retention include

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014(a).

## DISINTERESTEDNESS AND REQUIRED DISCLOSURES

15. To the best of the Debtor's knowledge, none of the employees of Gibbins have any connection with the Debtor, its creditors, parties in interest, their attorneys and accountants, the U.S. Trustee or employees thereof, except as set forth in the Moylan Declaration. To the best of the Debtor's knowledge, based upon the Moylan Declaration, and except as may be set forth therein, Gibbins (i) does not hold or represent any interest adverse to the estate, or represent any entity having an adverse interest in connection with this case, and, further, (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

16. Gibbins will conduct to conduct inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Gibbins will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

## COMPENSATION AND EXPENSE REIMBURSEMENT

17. Subject to this Court's approval, Gibbins intends to charge the Debtor for financial advisory services on an hourly basis and to seek reimbursement of actual expenses, as set forth in the Moylan Declaration. The hourly rates charged by Gibbins may change from time to time in accordance with Gibbins' practices and procedures. Dentons, proposed counsel for the Debtor, currently holds $29,055.50 to be provided to Gibbins as a retainer in this matter. Due to the exigency of the Debtor's bankruptcy filing and logistical arising from parties in multiple time zones, this retainer was transferred to Dentons on Gibbins' behalf. Such funds will be promptly transferred to Gibbins, likely within 24 hours of the Petition Date.

18. Gibbins has and will utilize detailed time-keeping and billing software to generate detailed records of time spent and any actual and necessary expenses incurred with the rendition of financial advisory services. Gibbins agrees to accept as compensation for services such sums

as may be allowed by this Court in accordance with applicable law, based upon the time spent, the services rendered, the costs incurred, the results achieved, the difficulties encountered, the complexities involved, and any other appropriate factors.

19. It is Gibbins' policy to be reimbursed by clients for all out-of-pocket expenses incurred in connection with the representation of clients. All such expenses shall be billed in accordance with the normal billing practices of the firm and subject to any limitations under the Bankruptcy Code and this Court's Local Rules.

20. Gibbins will seek reimbursement of actual expenses associated with travel. In this matter Gibbins has agreed not to bill for any non-working travel time.

21. As further described in the *Debtor's Motion for Entry of an Order on an Interim and then Final Basis: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Granting Liens and a Superpriority Claim; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) for Related Relief* (the "DIP Financing Motion"), which was filed by the Debtor on the Petition Date, Gibbins has requested and the Debtor has agreed to regularly transfer to Gibbins the amounts budgeted for its professional fees in the 13-week budget submitted together with the DIP Financing Motion. Such funds will remain property of the estate and will be held by Gibbins in a separate account until such time that the Court enters an order approving of professional fees and expenses incurred by Gibbins or as otherwise ordered. In the event that the amount of such funds exceeds the approved amount of Gibbins' fees and expenses, Gibbins will promptly return any remaining funds to the Debtor or as the Court may otherwise order.

22. Because of the variety and complexity of the services that will be required, it is not possible to precisely estimate the total cost of services to be rendered for the balance of this case.

6

Gibbins anticipates that fees will be consistent with cases of similar size and complexity, subject to future events in this case, some of which may be out of the Debtor's control.

## NOTICE

23. Notice of this Application and all related papers will be served on the following parties on the date and manner set forth in the certificate of service related to this Application: (a) the United States Trustee; (b) the Debtor's twenty largest unsecured creditors; (c) the Bank of Guam; (d) the Debtors' proposed debtor-in-possession financing lender; and (e) all parties in this case receiving service through the Court's CM/ECF electronic filing system.

## CONCLUSION

Based on the foregoing, the Debtor respectfully requests that this Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 12, 2024        Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

*/s/ Minakshi V. Hemlani*
**MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
**ANDREW C. HELMAN**

*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

       This is to certify that I have on September 12, 2024, I caused a copy of the foregoing document to be filed with the electronic case filing system for the United States District Court for the Territory of Guam, Bankruptcy Division, thereby serving all parties in interest receiving service in this case through the Court's electronic filing system.

                                              **LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

                                              */s/ Minakshi V. Hemlani*
                                              **MINAKSHI V. HEMLANI**

24132819.v7

8

Case 24-00013   Document 14   Filed 09/12/24   Page 8 of 8