**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (*pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Proposed Counsel for the Debtor*

## IN THE DISTRICT COURT OF GUAM
## TERRITORY OF GUAM
## BANKRUPTCY DIVISION

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC, [1]<br><br>Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINES TO FILE ITS SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS** |

Marianas Properties, LLC (the "Debtor") files this motion (the "Motion") for entry of an order pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1007-1(a)(3) for entry of an order extending the time in which the Debtor may file its schedules of assets and liabilities (the "Schedules") and its statements of financial affairs (the "SOFA") from September 26, 2024 to and including October 10, 2024. **In accordance with Local Rule 1007-1(a)(3), the Debtor consulted with the U.S. Trustee prior to filing of**

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

24194680.v2

**this Motion, and the U.S. Trustee has no objection to the relief sought by this Motion. Accordingly, pursuant to Local Rule 1007-1(a)(3), the Debtor respectfully requests that the Court consider this Motion on an expedited basis.** In support of the Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory basis for the relief requested are sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rule 1007(b) and (c), and Local Rule 1007-1(a)(3).

## BACKGROUND

3. On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. To date, the Office of the United States Trustee (the "U.S. Trustee") has not appointed a committee in this case.

5. The current deadline for the Debtor to file its Schedules and SOFA is September 26, 2024. [Dkt. No. 39]; *see also* FED. R. BANKR. P. 1007(c).

6. The meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") is scheduled to be conducted on October 16, 2024 [Dkt. No. 37].

7. A description of the Debtor, its business, and the facts and circumstances supporting this Motion and the reasons for commencing this case are set forth in greater detail in

the *Declaration of Ajay Pothen in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 6] (the "First Day Declaration").

## RELIEF REQUESTED AND BASIS FOR RELIEF

8. Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(b) require a debtor to file its schedules of assets and liabilities and its statement of financial affairs with the court. Bankruptcy Rule 1007(c) requires that a debtor file its schedules of assets and liabilities and statement of financial affairs within fourteen days of filing its chapter 11 petition.

9. Bankruptcy Rule 1007(c) further provides that an "extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown …." FED. R. BANKR. P. 1007(c). "'Cause shown' is a liberal standard investing the bankruptcy judge with considerable flexibility." *Bryant v. Smith*, 165 B.R. 176, 181 (W.D. Va. 1994). "A common cause for an extension of time is the inability of counsel to collect the information necessary to complete the schedules and statements before the deadline for filing. When a bankruptcy petition must be filed on short notice and the debtor's records are either disorganized or complex, the 14-day period automatically allowed by the rule is often insufficient." Alan N. Resnick and Henry J. Sommer, 9 *Collier on Bankruptcy* ¶ 1007.04 (16th ed. 2013).

10. Here, cause exists to extend the Debtor's deadlines to file its Schedules and SOFA for 14 additional days, from the original deadline of September 26, 2024 to and including October 10, 2024. The Debtor recognizes the importance of the Schedules and SOFA in this case and intends to complete the Schedules and SOFA as quickly as practicable under the circumstances. However, as a result of the complexity of the Debtor's financial affairs and volume of material that must be compiled and reviewed by the Debtor's staff and professionals in order to complete the Schedules and SOFA, and in view of the emergency nature of this filing and the various

emergency first-day pleadings filed by the Debtor, there is more than ample cause for granting the requested extension.

11. Additional cause exists to extend the Debtor's deadlines to file its Schedules and SOFA due to the delays in communications between the Debtor and its off-island professionals, who are located in multiple different time zones. In order to ensure that the Debtor and its professionals have adequate time to review the Schedules and SOFA together prior to the filing deadline and to ensure that all information is disclosed fully and accurately, a modest extension of the deadline to file its Schedules and SOFA is warranted and in the best interest of all partes in interest.

12. The proposed extension will allow ample time for creditors and parties in interest to review the Schedules and SOFA before the 341 Meeting. In compliance with Local Rule 1007-1(a)(3), the 341 Meeting is scheduled for October 16, 2024, and the Debtor's new proposed deadline to file its Schedules and SOFA is six days before that date.

13. Lastly, the Debtor consulted with the U.S. Trustee prior to the filing of this motion, and understands that the U.S. Trustee does not objection to the relief sought herein. **<u>Based on the U.S. Trustee's lack of objection and signature to this Motion, and in accordance with Local Rule 1007-1(a)(3), the Debtor respectfully requests that the Court consider this Motion on an expedited basis.</u>**

## <u>NO PREVIOUS REQUEST</u>

14. No prior motion for the relief requested herein has been made by the Debtor to this or any other court.

## NOTICE

15.     The Debtor has sent notice of this Motion to all parties in this case receiving service through the Court's CM/ECF electronic filing system. The Debtor submits that the foregoing constitutes adequate notice under the circumstances.

## CONCLUSION

16.     The Debtor respectfully requests that this Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: September 18, 2024

Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

*/s/ Minakshi V. Hemlani*
**MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
**ANDREW C. HELMAN**

*Proposed Counsel for the Debtor*

-and-

Tiffany L. Carroll
Acting United States Trustee

*/s/ Neil Verbrugge*
**NEIL VERBRUGGE**

*Trial Attorney*

## CERTIFICATE OF SERVICE

This is to certify that I have on September 18, 2024, I caused a copy of the foregoing document to be filed with the electronic case filing system for the United States District Court for the Territory of Guam, Bankruptcy Division, thereby serving all parties in interest receiving service in this case through the Court's electronic filing system.

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
**ANDREW C. HELMAN**