**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>    Debtor. | Bankruptcy Case No. 24-00013<br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING PAYMENT OF CERTAIN PRE-PETITION (I) WAGES, SALARIES, AND OTHER COMPENSATION; (II) REIMBURSABLE EMPLOYEE EXPENSES; (III) EMPLOYEE BENEFITS; AND (IV) RELATED COSTS** |

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"); and upon the First Day Declaration; and this court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this court having found that the relief requested in the Motion is in the best interests of the

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Motion.

Debtor's estate, its creditors, and other parties in interest; and this court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this court, if any; and this court having determined that the legal and factual bases set forth in support of the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis subject to the terms of this Order.

2. The Debtor is authorized, in its sole discretion, to do the following:

   A. To honor and pay any Employee Obligations for Employees of the Debtor that are outstanding as of the Petition Date, including Wages, Withholding Obligations, and PTO, provided, however, that no payment to any individual Employee of pre-petition Employee Obligations shall exceed, in the aggregate for that individual Employee, the statutory cap of $15,150.00 provided for under section 507(a)(4) of the Bankruptcy Code (the "Statutory Cap") unless otherwise permitted by applicable law or ordered by this court, and provided that the Debtor shall not provide any cash payment for PTO earned prior to the Petition Date;

   B. To pay post-petition (when payable) any amounts that accrued pre-petition for Continuation Health Coverage ("COBRA"), and to continue to perform any obligations related thereto in the ordinary course of business;

   C. To pay its portion of any premiums, claims or administration fees for the Health Plans that accrued and remain unpaid as of the Petition Date and to continue to pay, in its

discretion and in the ordinary course of its business, the administration fees, premiums for and claims under the Health Plans incurred post-petition;

   D. To pay any accrued and unpaid pre-petition premiums and related charges to maintain Supplemental Medical Insurance and Workers' Compensation Insurance;

   E. To continue to honor, in its discretion and in the ordinary course of its business, miscellaneous employee retirement and benefit programs (*e.g.*, the 401(k) Plan), and to distribute to third parties the payments for these programs in connection with the payment of Wages and Withholding Obligations, including the payment of any employer-paid 401(k) contributions (the "Employer Contributions"); and

   F. To continue to pay and honor, in its discretion and in the ordinary course of its business, all Employee-related expenses and obligations that accrue post-petition in the ordinary course of the Debtor's business, provided that no such Employee-related expenses and obligations incurred before the Petition Date are authorized to be paid pursuant to this Order.

3. The Bank of Guam shall honor and pay all checks and electronic payment requests made by the Debtor relating to the foregoing obligations.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order, or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365; (f) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the

Motion are valid, and the Debtor expressly reserves its rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

5. Nothing in this Order or any action taken by the Debtor in furtherance of the implementation hereof shall be deemed to constitute an assumption or rejection of any executory contract or unexpired lease pursuant to section 365, and all of the Debtor's rights with respect to such matters are expressly reserved.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity, or (b) be deemed to convert the priority of any claim from a pre-petition claim into an administrative expense claim.

7. This Order shall take effect and be fully enforceable immediately notwithstanding Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of Bankruptcy Rules 2002 and 6004(a), and BKLR 9013-1 are waived and/or satisfied by such notice.

9. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
   **Chief Judge**
**Dated: Oct 29, 2024**