**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (*pro hac vice pending*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Proposed Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>    Debtor. | Bankruptcy Case No. 24-00013<br>Chapter 11<br><br>**FINAL ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER ON AN INTERIM AND THEN FINAL BASIS: (I) AUTHORIZING THE DEBTOR TO OBTAIN POSTPETITION FINANCING; (II) GRANTING LIENS AND A SUPERPRIORITY CLAIM; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) FOR RELATED RELIEF** |

This matter came before the court on the *Debtor's Motion for Entry of an Order on an Interim and then Final Basis: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Granting Liens and a Superpriority Claim; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) for Related Relief* (the "Motion")[2] seeking entry of an order, pursuant to sections 105, 361, 362, 363, 364, 503, and 507 of the Bankruptcy Code; Bankruptcy Rules 2002,

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

24378111.v2

4001, 6003, and 9013; Local Rule 9013-1; and the Guidelines, providing the following relief on an interim and then final basis pursuant to and subject to the terms of this Order (the "Final Order"):

(A) Authorizing and approving the Debtor, as borrower, to obtain postpetition financing from Mathews Pothen (the "Lender"), as lender, up to the aggregate principal amount of $1,500,000.00 in postpetition financing;

(B) Authorizing the Debtor to execute and enter into the DIP Facility Documents and to perform such other and further acts as may reasonably be required in connection with the DIP Facility and the DIP Facility Documents;

(C) Authorizing, pursuant to section 364 of the Bankruptcy Code, that the Debtor's obligations under the DIP Facility Documents (the "DIP Obligations") shall have the same priority as any administrative expenses, including, without limitation, the kind specified in sections 105, 326, 328, 330, 331, 365, 503(b), 507(a), 726, 1113, or 1114 of the Bankruptcy Code and all administrative claims granted pursuant to an order of this court; and further providing that, subject to the terms of this Final Order; *provided however*, that payment to the Lender shall be subordinate to the fees of the Office of the United States Trustee ("UST Fees") and the Carve Out (as defined herein), including Professional Fee Disbursements (including $25,000.00 for Professionals of a Committee (subject to paragraph 3 of this Final Order) and any fees and expenses to a chapter 7 trustee (subject to paragraph 10 of this Final Order);

(D) Modifying the automatic stay solely to permit notice of an Event of Default (as defined in the DIP Loan Agreement) without a further hearing of the court; and

(E) Scheduling the Final Hearing to consider entry of the Final Order regarding the relief sought herein and setting related deadlines.

Due and sufficient notice under the circumstances of the Motion and the interim hearing on the Motion (the "Interim Hearing") and then a final hearing on the Motion (the "Final Hearing") having been provided by the Debtor; and the Interim Hearing and Final Hearing having been held; and upon consideration of the Motion and the record at the Interim Hearing and Final Hearing; and with the consent of the Lender; and it appearing that approval of the Final Order is fair and reasonable and in the best interests of the Debtor, its estate, and all parties in interest, and is essential for the continued operations of the Debtor's business; and after due deliberation and consideration and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND:**

A. On the Petition Date, the Debtor commenced this case before this court.

B. The Debtor is continuing to operate its business and manage its properties as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

C. No request for the appointment of a trustee or examiner has been made in the case.

D. No committee has yet been appointed or designated in the case.

E. The court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the court pursuant to 28 U.S.C. §§ 1408 and 1409.

F. The Debtor's business has an immediate need to borrow under the DIP Facility in order to have adequate liquidity to provide for, among other things, the orderly continuation of the operation of its business, to maintain its business relationships, to timely meet payroll obligations, and to satisfy other working capital and operational, financial, and general corporate needs. The Debtor's ability to access sufficient working capital and liquidity through the incurrence of new indebtedness for borrowed money and other financial accommodations and use of such funds is vital to the preservation and maintenance of the going concern value of the Debtor and to the success of this case.

G. Failure to grant the relief in this Final Order would result in immediate and irreparable harm to the Debtor, its estate, and its creditors.

H. The Debtor is unable to obtain credit on terms equal to or more favorable than those under the DIP Facility, including the rights and protections as provided herein.

I. The terms of the DIP Facility was negotiated in good faith and at arm's length, and the DIP Facility Documents shall not be affected by any subsequent reversal, modification,

24378111.v2

vacatur, or amendment of this Final Order or any other order, as provided in section 364(e) of the Bankruptcy Code. Each of the Debtor and the Lender has acted in good faith in, as applicable, negotiating, consenting to, and in agreeing to provide the post-petition financing arrangements contemplated by this Final Order and the DIP Facility Documents, and the reliance of each of foregoing parties on the assurances referred to above is in good faith.

J. The terms of the DIP Facility are the best available under the circumstances, reflect the Debtor's exercise of prudent business judgment, and are supported by reasonably equivalent value and fair consideration.

K. The Debtor provided adequate notice of the Motion to parties in interest, as reflected in the certificate of service accompanying the Motion, including to: the United States Trustee, the 20 largest non-insider, unsecured creditors of the Debtor, the Bank of Guam, and all parties who filed requests for notice in this case, which notice this court finds to be appropriate and adequate under Federal Rules of Bankruptcy Procedure 2002 and 4001.

L. Good cause exists to authorize the Debtor and the Lender to enter into the DIP Facility Documents, including, but not limited to, because entry of this Final Order will minimize disruption of the Debtor as a "going concern," and the DIP Facility is in the best interest of the Debtor, its creditors, and its estate.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Disposition. The Motion is **GRANTED** on a final basis as set forth in this Final Order. Any objections or reservations to the Motion that have not previously been resolved or withdrawn are hereby overruled.

2. <u>Effect of the Findings of Fact and Conclusions of Law</u>.  The findings of fact and conclusions of law contained in this Final Order are entered on a final basis and are binding on all parties, including any trustee appointed in this case.

3. <u>Budget and Use of DIP Facility Proceeds</u>. Subject to the terms of this Final Order, and with the consent of the Lender, the Debtor is hereby authorized to use (i) cash; (ii) property that would, if encumbered, constitute "cash collateral" within the meaning of the Bankruptcy Code; and (iii) proceeds of and Advances under the DIP Facility ("<u>DIP Facility Proceeds</u>" and with the DIP Facility Proceeds, cash, and property that would be "cash collateral" if encumbered hereby referred to as the "<u>Debtor's Cash</u>" or "<u>Cash</u>"), in accordance with and to the extent set forth in the Budget attached hereto as **Exhibit A** on a final basis, with recognition that the timing of revenue and expenses may be different than as projected.  Such Budget has been amended after the Interim Hearing to provide up to $25,000.00 for payment of professional fees for any official committee of unsecured creditors (a "<u>Committee</u>"), in the event a Committee is formed; *provided, however*, that such amount shall not be used to pursue claims against the Lender.

3. <u>Immediate Effect</u>. Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, this Final Order shall take effect immediately upon entry on the docket and shall remain in effect until such time as otherwise ordered by this court pursuant to the procedures set forth herein (with such period from the Petition Date through the end of the effectiveness of the Budget being referred to herein as the "<u>Budget Period</u>").

4. <u>Permitted Variance</u>. The Debtor's use of Cash during the Budget Period shall be limited to 110% of the aggregate expenditures as set forth in the Budget, with recognition that the timing of revenue and expenses may be different than as projected and with such variance computed over the entire Budget Period and not in any one week or day of such Budget Period.

5. <u>Authorization to Borrow for the Budget Period</u>. Upon entry of this Final Order, the Debtor is deemed to have, and is authorized and empowered to: (i) enter into the DIP Facility Documents; and (ii) borrow under the DIP Facility, up to the maximum principal amount of **$1,500,000.00**, on a final basis (the "<u>DIP Amount</u>"), subject to the terms and conditions of the Final Order and the DIP Facility Documents. The Debtor and the Lender may not materially amend, modify, supplement, waive the provisions of and/or extend the term of the DIP Facility Documents without further order of this court. To the extent of any conflict between the terms of this Final Order and the DIP Facility Documents, this Final Order shall control.

6. <u>DIP Facility Terms and Conditions</u>. The DIP Facility is approved upon, and shall be subject to, the following terms and conditions:

    A. <u>Maturity</u>. The DIP Facility shall mature and be payable in full on the "Maturity Date" as defined in the DIP Facility Documents. The Maturity Date means the earliest of: (i) the effective date under a confirmed plan of reorganization or liquidation; (ii) conversion of the case to one under chapter 7 or dismissal of the case; or (iii) at the Lender's discretion, upon the occurrence of an Event of Default that is not cured within any applicable cure period. Upon the Maturity Date, the Debtor shall repay to the Lender the aggregate outstanding amount of Advances under the DIP Facility.

    B. <u>Payments</u>. No payments shall be due or required prior to the Maturity Date.

    C. <u>Interest</u>. The DIP Facility shall accrue interest on actual, outstanding Advances at the rate of 8.5%.

    D. <u>Uses; Restrictions</u>. In accordance with and subject to the Budget, up to **$1,500,000.00** shall be available for use as general working capital and to continue or wind down

operations of the Debtor during the Final Period, which amount is defined herein as the "DIP Amount."

7. **Automatic Stay**. **THE AUTOMATIC STAY IS MODIFIED SOLELY TO PERMIT NOTICE OF AN EVENT OF DEFAULT WITHOUT A FURTHER HEARING OF THE COURT AND IMPLEMENTATION OF THIS FINAL ORDER. NO REMEDIES MAY BE EXERCISED BY THE LENDER WITHOUT FURTHER ORDER OF THE COURT.**

8. Conditions Precedent to Advances. The obligation of the Lender to make an Advance or Advances shall be subject to the condition precedent that on the date of each such Advance, the following statements shall be true: (i) the court has entered an order authorizing the Debtor to enter into the DIP Facility on an interim or final basis, as applicable, and that such order has not been otherwise stayed or reversed; (ii) the Debtor is in compliance in all material respects, subject to permitted variances, with the applicable Budget, submitted to the court for approval in connection with interim and final approval of the DIP Motion or as amended by agreement of the Debtor and the Lender; (iii) no Event of Default has occurred under the DIP Facility Documents and is continuing or would result from such Advance or from the application of proceeds therefrom; and (iv) the Debtor has delivered a written request to the Lender stating the amount of the Advance, as well as such other documentation and information required by the DIP Facility Documents or otherwise required by the court.

9. **DIP Administrative Claim. Subject and subordinate to the Carve Out (as defined herein) and UST Fees, the DIP Obligations shall have the same priority as any administrative expenses, including, without limitation, the kind specified in sections 105, 326, 328, 330, 331, 365, 503(b), 507(a), 507(b), 726, 1113 and/or 1114 of the Bankruptcy Code and**

**all administrative claims granted pursuant to an order of this court (the "DIP Administrative Claim").**

10. **Subordination to Chapter 7 Trustee Fees and Expenses. In the event this case is converted to a case under chapter 7 of the Bankruptcy Code, the DIP Administrative Claim shall be subordinate to payment of fees and expenses for a chapter 7 trustee, but not including the fees and expenses of the chapter 7 trustee's professionals; *provided, however*, that such funds may not be used to pursue claims against the Lender.**

11. Good Faith. The Lender has acted in good faith in connection with the DIP Facility and this Final Order, and its reliance on this Final Order is in good faith. This court hereby affords the DIP Lender the protection of section 364(e) of the Bankruptcy Code with regard to the reversal or modification on appeal of this Final Order, or to the modification, vacating, or other amendment of this Final Order by this court.

12. Reporting. On or before the Thursday of each fourth week, the Debtor shall deliver to the Lender (through counsel) a line-by-line variance report that compares actual cash receipts and disbursements of the Debtor with corresponding amounts provided for in the Budget for the four weeks ending on the prior Friday.

13. Carve Out. In accordance with this Final Order, the Debtor shall only be authorized to disburse funds (the "Professional Fee Disbursements") to the professionals retained pursuant to an order of this court (collectively, the "Professionals"); *provided, however*, that Professional Fee Disbursements for Professionals of any committee shall be limited to $25,000.00 and subject to paragraph 3 of this Final Order. Upon the Debtor's funding of the Professional Fee Disbursements to a segregated debtor-in-possession bank account (the "Professional Fee Account"), the DIP Administrative Claim shall be subordinated to the following: (i) the Professional Fee

Disbursements, including $25,000.00 for Professionals of any Committee (subject to paragraph 3 of this Final Order), which may be transferred to the Professional Fee Account when and as provided for in the Budget (the "Carve Out"); (ii) UST Fees, which shall be paid by the Debtor when and as required; and (iii) any fees and expenses incurred by a chapter 7 trustee, but not including fees and expenses of a chapter 7 trustee's professionals (subject to paragraph 10 of this Final Order). The Carve Out shall be used exclusively to fund allowed fees and expenses of the Professionals in this case (the "Allowed Professional Fee Claims"). The Carve Out shall not be available to fund any other claims in this case, provided that if the Allowed Professional Fee Claims are less than the Professional Fee Disbursements to a Professional, such unused funds shall be available to the Debtor, subject to the DIP Administrative Claim.

14. **Binding Order. This Final Order shall be binding upon and inure to the benefit of the Lender and the Debtor and its successors and assigns, including, without limitation, any trustee, responsible officer, examiner, estate administrator or representative, or similar person appointed in a case for the Debtor under any chapter of the Bankruptcy Code.** No rights are entered under this Final Order for the benefit of any other creditor of the Debtor, any other party in interest in the Debtor's bankruptcy case, or any other person or entities, or any direct, indirect, or incidental beneficiaries thereof.

15. Survival. The provisions of this Final Order and any actions taken pursuant hereto shall survive entry of any order which may be entered: (i) confirming any chapter 11 plan in the chapter 11 case; (ii) converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code; (iii) to the extent authorized by applicable law, dismissing the chapter 11 case; (iv) withdrawing of the reference of the chapter 11 case from the court; or (v) providing for abstention from handling or retaining of jurisdiction of the chapter 11 case in the court. The terms and

provisions of this Final Order shall be valid and binding on all parties in interest, including, without limitation, any official committee appointed in the case, any chapter 11 trustee, examiner, chapter 7 trustee, or other fiduciary appointed in this case.

16. <u>Service</u>. The Debtor shall serve a copy of this Final Order on the Office of the United States Trustee, the Lender, the holders of the twenty (20) largest unsecured claims against the Debtor, and any taxing authority with a claim against the Debtor, by facsimile, e-mail, or regular mail, within two (2) business days of the date of the entry of this Final Order.

17. <u>Adequate Notice</u>. The Debtor provided adequate notice of the Motion to parties in interest, as reflected in the certificate of service accompanying the Motion, which notice this court finds to be appropriate and adequate under Bankruptcy Rules 2002 and 4001.

18. <u>Immediate Effect</u>. This Order constitutes findings of fact and conclusions of law and shall take effect and be fully enforceable immediately. This court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
**Chief Judge**
Dated: November 18, 2024