**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (*admitted pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re | Case No. 24-0013 |
| MARIANAS PROPERTIES, LLC,[1] | Chapter 11 |
| Debtor. | **DEBTOR'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE EXTENDING THE TIME TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY** |

Marianas Properties, LLC (the "Debtor") requests the entry of an order, pursuant to section 365(d)(4) of title 11 of the United States Code (the "Bankruptcy Code"),[2] granting a 90-day extension of the current deadline to assume or reject unexpired leases from January 10, 2025, through and including April 10, 2025. Such an extension would be without prejudice to the rights of the Debtor to seek further extensions of the time to assume or reject the unexpired leases, as contemplated by section 365(d)(4)(B)(ii) of the Bankruptcy Code. The Debtor has consulted with

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

24451977.v5

the office of the United States Trustee and understands that it does not intend to oppose the relief requested in this motion (the "Motion").

## I. JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 365(a) and 365(d)(4) and Rule 6006.

## II. BACKGROUND FACTS

3. On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to section 1107 of the Bankruptcy Code.

4. The Debtor incorporates herein by reference the *Declaration of Ajay Pothen in Support of Chapter 11 Petition and First Day Motions* (the "First Day Declaration") [Docket No. 6] concerning its background and business. In summary, the Debtor owns and has historically operated the Pacific Star Resort & Spa, (the "Hotel") a hotel and resort located in Tumon, Guam. A further description of the Debtor, its business, and the facts and circumstances supporting this Motion and the reasons for commencing this case are set forth in greater detail in the First Day Declaration.

5. Pursuant to section 365(d)(4), the Debtor's current deadline to assume unexpired leases for nonresidential real property to which as Debtor is the lessee is January 10, 2025. The Debtor has not yet made a determination regarding assumption or rejection of its applicable

lease(s) (the "Leases") and wishes to ensure that all of the estate's rights are protected as the Debtor continues to work to finalize its chapter 11 exist strategy. The Leases would likely have value in a sale, as they are integral to the Hotel property, and, accordingly, they would also have value to the Debtor, should it decide to operate the Hotel.

### III. REQUEST FOR RELIEF

6. The Debtor seeks an extension of the deadline to assume or reject the Leases under section 365(d)(4) of the Bankruptcy Code in order to provide additional time to determine the appropriate relief to seek in a manner that will preserve and maximize value for the Debtor, its estate, and its creditors. The Debtor will continue to honor its post-petition obligations under the Leases until such time as an order is entered providing for assumption or rejection is entered.

7. A list of the outstanding relevant lease agreements that exist to the best of the Debtor's knowledge at this time and any relevant lessor contact information associated with the lease agreements is attached as **Exhibit A** to this Motion.

### IV. BASIS FOR RELIEF

8. The Debtor requires additional time to determine whether assumption or rejection of the Leases (and any other contract subject to section 365 of the Bankruptcy Code) is in the best interests of the Debtor, its estate, and its creditors and requests that the Court grant this Motion pursuant to section 365(d)(4)(B) of the Bankruptcy Code.

9. Section 365(d)(4)(A) provides that a debtor is automatically deemed to reject nonresidential real property leases to which it is a party by the earlier of (i) 120 days from the Petition Date, or (ii) the of entry of an order confirming a plan. 11 U.S.C. § 365(d)(4)(A). However, section 365(d)(4)(B) provides that a bankruptcy court may extend the applicable period to assume or reject unexpired nonresidential real property leases for 90 days on the motion of a

debtor "for cause."  A pending motion seeking an extension under section 365(d)(4)(B) extends the debtor's deadline to assume or reject a nonresidential lease until the Court rules on the motion. *See In re Victoria Station Inc.*, 840 F.2d 682, 684 (9th Cir. 1988); *In re Simbaki, Ltd.*, 520 B.R. 241, 246 (Bankr. S.D. Tex. 2014).

10. Courts have recognized the benefits to granting additional time under section 365(d)(4). *See In re Channel Home Ctrs., Inc.*, 989 F.2d 682, 687–88 (3d Cir. 1993); *In re GST Telecom Inc.*, 2001 WL 686971 at *4 (D. Del. June 8, 2001).  As the Third Circuit Court of Appeals stated, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs.*, 989 F.2d at 689.

11. Consistent with this, bankruptcy courts in the Ninth Circuit routinely grant requests similar to the one in this Motion.  *See In re Legacy Cares, Inc.*, Case No. 23-02832-DPC (Bankr. D. Ariz.), [Docket No. 388]; *In re Hawaiian Island Air, Inc.*, Case No. 17-01078 (Bankr. D. Haw.), [Docket No. 359]; *In re Hawaiian Telcom Communications, Inc., et al*., Case No. 08-02005 (Bankr. D. Haw.), [Docket No. 546].

12. Courts generally consider the following non-exclusive factors to determine "cause" for purposes of section 365(d)(4):

    (1) whether the leases are an important asset of the estate such that the decision to assume or reject would be central to a plan of reorganization;
    (2) whether the cases are complex and involve large numbers of leases;
    (3) whether the lessor continues to receive postpetition rental payments; and
    (4) whether the debtor has had sufficient time to develop a plan.

*South St. Seaport L. P. v. Burger Boys, Inc. (In re Burger Boys, Inc.)*, 94 F.3d 755, 760–61 (2d Cir. 1996); *In re Wedtech Corp.*, 72 B.R. 464, 471–72 (Bankr. S.D.N.Y. 1987); *In re Victoria Station Inc.*, 88 B.R. 231, 236 (B.A.P. 9th Cir. 1988), aff'd, 875 F.2d 1380 (9th Cir. 1989) (citing *Wedtech*, 72 B.R. at 471-73); *Channel Home Ctrs.*, 989 F.2d at 689 ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.") (citing *Wedtech*, 72 B.R. at 471-72).

13. Here, the Debtor submits that sufficient "cause" exists for the requested extension. First, the Leases are an important asset of the Debtor's estate such that assumption or rejection will be central to the Debtor's reorganization because the real property subject to the Leases is necessary for Hotel operations. As a result, the Leases are almost certainly necessary in the context of a sale or stand-alone reorganization. Second, there are a number of Leases, and certain terms raise potentially complicated commercial issues that may be significant in the context of sale or reorganization. Third, the Debtor continues to honor its postpetition obligations and, thus, there is no prejudice to the lessors. Fourth, the Debtor has not yet had a sufficient amount of time to develop a plan, based on the facts and circumstances of this case, and (concurrently with the filing of this Motion) has or will file a customary motion requesting enlargement of its exclusive period to file and solicit a chapter 11 plan. In the meantime, the Debtor is in discussions with multiple parties about a potential sale transaction.

14. Finally, the relief requested is purely procedural; will not prejudice the Debtor's landlord(s) or the rights of any parties; and will protect and preserve value for the Debtor, its estate, and its creditors.

## V. CONCLUSION

Based on the foregoing, the Debtor respectfully requests that this Court grant the Motion and enter an order, pursuant to section 365(d)(4) of the Bankruptcy Code, granting a 90-day extension of the current deadline to assume or reject unexpired leases through and including April 10, 2025, without prejudice to the rights of the Debtor to seek further extensions of the time to assume or reject the unexpired leases as contemplated by section 365(d)(4)(B)(ii), and grant such further relief as the Court deems appropriate.

Dated: January 9, 2025	Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

 */s/ Minakshi V. Hemlani*
**MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

 */s/ Andrew C. Helman*
**ANDREW C. HELMAN**

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

       This is to certify that I have on January 9, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Territory of Guam, Bankruptcy Division, thereby serving all parties in interest receiving service in this case through the Court's electronic filing system.

                              **DENTONS BINGHAM GREENEBAUM LLP**

                              */s/ Andrew C. Helman*
                              **ANDREW C. HELMAN**

## Exhibit A
## Outstanding Lease Agreements and Associated Lessors

**Outstanding Lease Agreements:**

Ground Lease Agreement for Lot No. 5140-2-2 dated July 1, 1982.

**Lessors and Contact Information:**

| | | |
|---|---|---|
| Bernice Guerrero Cepeda<br>7712 Buckhorn Avenue<br>Las Vegas, NV 89113-6621 | Estate of Mary Jane T. Guerrero<br>3169 Emerald Creek Drive<br>Las Vegas, NV 89156 | Estate of Soledad Lujan<br>c/o Superior Court<br>P.O. Box 1145<br>Hagatna, GU 96910 |
| Fuji Real Estate Co.<br>c/o Paul Ulloa<br>135 Murray Boulevard, Suite 203<br>Hagatna, GU 96910 | Joseph Anderson Guerrero<br>10006 Spring View Way<br>Elk Grove, CA 95757 | Marie Guerrero Salas<br>110 Tun Jesus Charot Court<br>Chalan Pago, GU 96910 |
| Raymond F.A. Camacho<br>184 Whidbey Avenue<br>Oak Harbor, WA 98277 | Teresita Norris<br>927 Rancher Drive<br>Fountain, CO 80817 | |