**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>    Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**SUPPLEMENTAL DECLARATION OF AJAY POTHEN IN SUPPORT OF MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF MARIANAS PROPERTIES, LLC, TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND TO ASSIGN PERMITS AND LICENSES IN RELATION THERETO** |

I, Ajay Pothen, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the president of Marianas Properties, LLC, which does business as the Pacific Star Hotel (the "Debtor").[2] I have been employed by the Debtor since August 2010 and have served as president of the Debtor since 2019. I attended Drexel University's LeBow College of Business and earned a Bachelor of Science in Business Administration in Finance and a Bachelor

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion or the APA, as applicable

1

of Science in Business Administration in Accounting. From August 2007 through and including July 2010, I was employed as a financial analyst for the international consulting firm Booz Allen Hamilton.

2. All facts set forth in this supplemental declaration (the "Supplemental Declaration") are based on my personal knowledge or, where specified, based on my knowledge, information, or belief. If I were called to testify, then I would testify competently as to the facts set forth in this Supplemental Declaration.

3. In my capacity as president of the Debtor, I am familiar with the Debtor's day-to-day business operations, business, and financial affairs.

4. I have actively participated in the marketing process of the Debtor's assets, the negotiation of the APA, and I am authorized by the Debtor to submit this Supplemental Declaration in support of its Sale Motion.

5. In the *Declaration of Ajay Pothen in Support of Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto* (the "Original Pothen Declaration") [Dkt. No. 146], I previously discussed the Debtor's proposed Sale Transaction and marketing of the Debtor's assets. This Supplemental Declaration discloses that neither the Debtor nor its principals have any prior relationship with Eastern Contractors Corporation (the "Buyer") or any of its principals.

6. The Original Pothen Declaration is incorporated herein by reference in its entirety.

## The Proposed Sale Transaction was Negotiated at
## Arm's Length, in Good Faith, and Between Parties with no Pre-existing Relationship.

7. The proposed Sale Transaction is the result of arm's length negotiations with the Buyer, pursuant to which the Buyer seeks to pay the Debtor's estate $33 million, which is consistent with my understanding of the Hotel's value based on a recent appraisal.

8. Prior to and during the negotiation of the APA and the Sale Transaction, the Debtor and Buyer had no pre-existing business relationship. Also during the negotiations surrounding the Sale Transaction, the Buyer was made aware of other parties interested in purchasing the Debtor's assets.

9. To the best of my knowledge, neither (A) the Debtor or its insiders (as defined in section 101(31) of the Bankruptcy Code), nor (B) the Buyer or its insiders had any business or personal relationship prior to marketing, diligence, and negotiation leading to the Sale Transaction.

10. I believe that the Buyer fairly negotiated the APA with the Debtor at arm's length, did not collude with other parties or the Debtor, and did not take grossly unfair advantage of the Debtor or any other interested party.

11. I believe that a prolonged sale process would be detrimental to the Debtor's estate, and I believe that the Sale Transaction is in the best interest of the estate and request the Court approve the Sale Motion.

I certify under penalty of perjury that the foregoing is true and correct.

Date: February 28, 2025

_____
Ajay Pothen
President of the Debtor