**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>    Debtor. | Bankruptcy Case No. 24-00013<br>Chapter 11<br><br>**ORDER GRANTING MOTION FOR AUTHORITY TO SELL CERTAIN ASSETS OF MARIANAS PROPERTIES, LLC, TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND TO ASSIGN PERMITS AND LICENSES IN RELATION THERETO** |

This matter having come before the court on the *Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assume and Assign Certain Unexpired Leases and Executory Contacts, and to Assign Permits and Licenses in Relation Thereto* (the "Sale Motion");[2] filed by the Debtor seeking approval of the Sale Transaction and authorizing the Debtor to conduct a private sale of the Debtor's Assets; the court having jurisdiction to consider the Sale Motion and

---

[1]     The last four digits of the taxpayer identification number of Marians Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627B Pale San Vitores Road, Tumon, Guam 96913.

[2]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Sale Motion or the APA, as applicable.

24613890.v5

the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Sale Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the court having reviewed the Sale Motion and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Debtor having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS THAT:**

A. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. This court has jurisdiction over the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district and in this court pursuant to 28 U.S.C. §§ 1408 and 1409.

C. Good and sufficient notice of the Sale Motion and the relief sought in the Sale Motion has been given under the circumstances, and no other or further notice is required except as set forth herein. A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to all parties in interest. A schedule of secured lien creditors is attached to this Order as **Exhibit A** (the "Lien Schedule").

D. The bases for relief requested in the Motion are: (i) sections 105(a) 363 and 365 of the Bankruptcy Code, (ii) Bankruptcy Rules 2002, 6004, 6006, 9013 and 9014, and (iii) Local Rules 6004-1 and 9013-1(e). The Motion requests authority for the Debtor to enter into that certain Asset Purchase Agreement by and between Marianas Properties LLC, as seller, and Eastern

Contractors Corporation, as purchaser, as amended by that certain First Amendment to Asset Purchase Agreement (collectively, both such documents being referred to herein as the "<u>APA</u>"). A copy of the APA is filed on the Docket at Docket Entry 155-1.

      E.      The Debtor has articulated good and sufficient business reasons for this court to grant the relief requested in the Sale Motion, including, without limitation, to approve the Sale Transaction. Such good and sufficient business justification, which was set forth in the Sale Motion, is incorporated herein by reference and forms the basis for the court's findings of fact and conclusions of law herein.

      F.      The relief requested in the Sale Motion is in the best interests of the Debtor, its bankruptcy estate, its creditors, and other parties in interest.

      G.      The Buyer is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code.

Accordingly, based upon the foregoing facts and conclusions;

**IT IS HEREBY ORDERED THAT:**

      1.      The relief requested in the Sale Motion is GRANTED as set forth in this Order, and the Sale Transaction contemplated thereby is APPROVED.

      2.      All objections to the relief requested in the Sale Motion that have not been withdrawn, waived or settled as announced to this court at the Sale Hearing or by stipulation filed with the court, and all reservations of rights included therein, are hereby overruled on the merits, with prejudice, or have been otherwise satisfied or adequately provided for pursuant to this Order.

      3.      The APA and the terms and conditions are hereby APPROVED, and the Debtor is authorized and directed to enter into all transaction documents and such other ancillary documents consistent with the terms hereof and in furtherance thereof. The failure to include specifically any

particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the court that the APA and transaction documents (including, but not limited to, all ancillary agreements contemplated thereby) be authorized and approved in their entirety.

4. Without limiting the generality of the immediately preceding paragraph:

- **Identity of the Purchaser:** Cartium Enterprise Guam, LLC, as assignee of Eastern Contractors Corporation, is the party purchasing substantially all of the Debtor's assets under the APA and this Order.

- **Identity of the Seller:** The Debtor, Marianas Properties, LLC, is the party selling substantially all of its assets under the APA and this Order.

- **Purchase Price:** The Purchase Price authorized by this Order is Thirty-Three Million and 00/100 Dollars ($33,000,000.00).

- **Property Sold Pursuant to this Order:** The "Assets" or "Property" (as such terms are used in the APA) to be sold pursuant to this Order are comprised of (i) the Debtor's fee and leasehold interests in the real property identified more fully in **Exhibit B** to this Order, and (ii) all personal property of the Debtor—excepting, in each instance with respect to (i) and (ii) of the foregoing any Excluded Assets as defined in section 2.2 of the APA and Schedule 2 thereto.

5. Pursuant to sections 105, 363, and 365 of the Bankruptcy Code, the Debtor is authorized and directed to take any and all actions necessary or appropriate to (a) consummate the sale of the Assets to the Buyer pursuant to and in accordance with the terms and conditions of the APA, (b) close the Sale Transaction as contemplated in the APA and this Order, and (c) execute and deliver, close, perform under, consummate, and implement the APA, together with all transaction documents and other ancillary documents that may be reasonably necessary or desirable to implement the APA and the Sale Transaction or as may be reasonably necessary or appropriate to the performance of the obligations as contemplated by the APA and such transaction documents.

6. This Order and the APA shall be binding in all respects upon the Debtor, its estate,

all holders of equity interests in the Debtor, all holders of any Claim(s) (as defined in the Bankruptcy Code) against the Debtor, whether known or unknown, any holders of Encumbrances[3] on all or any portion of the Assets, the Buyer, all successors and assigns of the Buyer, and any trustees, if any, subsequently appointed in this Case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. This Order and the APA shall inure to the benefit of the Debtor, its estate, its creditors, the Buyer, and each of its successors and assigns. Nothing contained in any plan of reorganization or liquidation or order of any type or kind entered in this Case or any subsequent chapter 7 or chapter 11 case for the Debtor or any related proceedings after the entry of this Order shall directly conflict with or derogate from the provisions of the APA or the terms of this Order. The APA, the Sale Transaction, and this Order shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, or any trustee, examiner, or receiver.

7. The transactions contemplated by and consummated under the APA were undertaken by the Buyer without collusion and in good faith and at arms-length, as that term is defined in sections 363(m) and 364(e) of the Bankruptcy Code, as applicable. The APA was not entered into and will not be consummated for the purpose of hindering, delaying or defrauding creditors of the Debtor, and neither the Debtor nor the Buyer have or has entered into the APA or is or are consummating the transactions contemplated thereby with any fraudulent or otherwise improper purpose.

---

[3] For purposes of this Order, Encumbrance is defined as any lien, interest, encumbrance, claim, right, demand, charge, mortgage, deed of trust, option, pledge, security interest or similar interest, title defect, hypothecation, easement, right of way, restrictive covenant, condition, restriction, encroachment, rights of first refusal, preemptive right, judgment, conditional sale or other title retention agreements and other imposition, imperfection or defect of title or restriction on transfer or use of any nature whatsoever, whether secured or unsecured, choate or inchoate, filed or unfiled, scheduled or unscheduled, recorded or unrecorded, contingent or non-contingent, material or nonmaterial, known or unknown. For the sake of clarity and without limiting the foregoing, "rights of first refusal" in the foregoing definition refers solely to such rights of any third-party in and to the Assets and does not refer to any such rights held by the Debtor in and to the Leased Lots. Any such rights of the Debtor are expressly preserved and transferred to the Buyer pursuant to this Order.

8. The Buyer is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale of the Purchased Assets shall not affect the validity of the Sale Transaction (including the assumption and assignment of the Assigned Contracts), unless such authorization and such Sale Transaction are duly stayed pending such appeal. The APA and the transactions contemplated thereby cannot be avoided under section 363(n) of the Bankruptcy Code. The Debtor and the Successful Bidder have not engaged in any conduct that would cause or permit the APA or the consummation of the transactions contemplated thereby to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code.

9. The APA constitutes the highest and/or best offer for the Assets and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative. The Debtor's determination that the APA constitutes the highest and/or best offer for the Assets constitutes a valid and sound exercise of the Debtor's business judgment.

10. Pursuant to sections 105(a), 363(b), 363(f), 365(b), and 365(f) of the Bankruptcy Code, the Debtor is authorized and directed to transfer the Assets on the Closing Date (as defined in the APA). The Assets shall be transferred to the Buyer upon and as of the Closing Date, and such transfer shall constitute a legal, valid, binding, and effective transfer of the Assets upon the Debtor's receipt of the Purchase Price. Upon the Closing, the Buyer shall take title to and possession of the Assets. Except as otherwise expressly provided herein, all Encumbrances shall attach to the proceeds of the Sale Transaction of the Assets with the same validity, priority, force, and effect that they now have as against the Assets, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

11. Pursuant to section 365(d) of the Bankruptcy Code, the Debtor is authorized to assume and assign to Buyer the estate's interest in the Lease. The assignment of the Lease will be a legal, valid and effective assignment of the Lease, authorized pursuant to the Bankruptcy Code, and will vest such assignee with all right, title, and interest of the estate to the Lease, free and clear of all liens, claims (as defined in the Bankruptcy Code), interests, and encumbrances, whether known or unknown, inchoate, unliquidated, or liquidated, contingent or otherwise, provided, however, that nothing in this Order shall be construed to affect the rights of the counterparties to the Lease, or to modify in any way the terms, conditions and effect of the Lease.

12. The Debtor and its respective officers, employees, and agents are authorized to execute and deliver, and authorized to perform under, consummate, and implement, all additional instruments and documents that may be reasonably necessary or desirable to implement the APA and to take all further actions as may be (a) reasonably requested by the Buyer for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyer, or reducing to the Buyer's possession, the Purchased Assets or (b) necessary or appropriate to the performance of the obligations contemplated by the APA or to implement the Sale Transaction, all without further order of the court.

13. This Order (a) is and shall be effective as a determination that, on the closing date, all liens, Encumbrances, claims, and adverse interests against the Property prior to the Closing Date have been unconditionally released, discharged and terminated, and that the conveyance of the Property, free and clear of any and all liens, Encumbrances, claims, and adverse interests, has been effected and vested in Buyer; (b) is and shall be binding upon and govern the acts of all entities, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, registrars of patents, trademarks or

other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property; and (c) and estops and bars all persons, including governmental units, from asserting any such liens, Encumbrances, claims and adverse interests against Buyer and the Property.

14. More specifically, pursuant to section 363(f) of the Bankruptcy Code, effective upon the Closing, the Sale Transaction shall vest in the Purchaser all right, title, and interest of the Debtor and its bankruptcy estate in the Assets, as defined in the APA, free and clear of all Encumbrances, including any liens, claims, or interests identified in the Lien Schedule attached as **Exhibit A**. Except as expressly authorized herein, unless the holders of Encumbrances in or to the Assets (including any liens, claims, or interests identified in the Lien Schedule) have agreed to other treatment, such Encumbrances (including any liens, claims, or interest identified in the Lien Schedule) shall attach to proceeds of the Sale Transaction with the same force, effect, validity, and priority that such Encumbrances had in and to the Assets prior to entry of this Order. Further, this Order is and shall be effective as a determination that, upon and subject to the occurrence of the Closing of the Sale Transaction, all Encumbrances (including any liens, claims, or interests identified in the Lien Schedule) have been and hereby are adjudged and declared to be unconditionally released as to the Assets.

15. Undisputed senior real property taxes in an amount not to exceed $289,366.88 (as

of April 1, 2025) (the "Senior Property Taxes") shall be paid at the Closing.[4] The Senior Property Taxes are identified in the Lien Schedule as follows.

| Mortgagee/Holder | Encumbrance No. on Title Report | Instrument No. |
|---|---|---|
| Parcel Nos. I, II, &III – Lot Nos. 5140-1-2, 5140-2-R2, & 5140-2-2 | | |
| Guam Department of Revenue and Taxation ("DRT") c/o Jennifer Cruz-Matsumiya Dept. of Revenue & Taxation Taxpayer Services Division P.O. Box 23607 Barrigada, Guam 96921 | 10, 11, 20, 21, 23, 24, 25, 26 | Real Estate Taxes Due and Owing |

16. No other Encumbrances shall be satisfied by cash payments at Closing and, instead, all such Encumbrances (including liens, claims, or interests identified in the Lien Schedule) shall attach to proceeds of the Sale Transaction in the order of priority and be subject to further proceedings before this court.

17. On or before March 1, 2025, the Debtor filed the Initial Assumption and Assignment Notice [Dkt. No. 154] (the "Assumption and Assignment Notice") that identified any proposed Cure Amounts. Such counterparties had adequate time from the date of service of the Initial Assumption and Assignment Notice to file a written objection with the court to the Proposed Cure Amount ("Cure Objection") and were advised of the same in the Initial Assumption and Assignment Notice. No party filed any Cure Objection. Any party who failed to file a Cure Objection is forever barred from objecting to the Proposed Cure Amounts or from challenging the sufficiency of such amounts on any basis. Furthermore, such party shall be deemed to have consented to the Proposed Cure Amounts. All other objections to assumption and assignment of a particular contract or lease (i.e., those objections that are **not** based on a cure amount) were reserved for consideration at the Sale Hearing and are subject to the APA and have been withdrawn, waived, or overruled unless

---

[4] The amount of the Senior Property Taxes reflects computations for an anticipated closing date on April 1, 2025. To the extent a closing occurs sooner, then the amount to be paid may be less. To the extent a closing occurs after that date, then the Debtor is authorized to pay any undisputed per diem interest accruals.

9

expressly set forth herein to the contrary.

18. Accordingly, the Buyer is authorized and directed to pay the Proposed Cure Amounts in connection with the Debtor's assumption and assignment of any unexpired lease or executory contract identified on the Assumption and Assignment Notice.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Sale Order.

20. Notwithstanding anything to the contrary contained in this Sale Order or otherwise, any right of the Bank to consent to the sale of any portion of their collateral, including, without limitation, any assets on terms and conditions acceptable to the Bank (as applicable) are hereby expressly preserved and not modified, waived or impaired in any way by the Sale Order. For the avoidance of doubt, nothing in this Sale Order shall amend, modify, or impair any provision of any of this Court's orders, the rights of the Debtor, or the Bank.

21. In the event of any inconsistencies between this Sale Order, any APA, and/or the Sale Motion, this Sale Order shall govern in all respects.

22. Notice of the Sale Motion as provided therein shall be deemed good and sufficient notice of such Sale Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23. Notwithstanding Bankruptcy Rule 6004 or otherwise, this Sale Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

24. Each and every federal, state, and local government agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the sale.

25. Except as otherwise set forth in this Sale Order, this court shall retain exclusive

jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order and the relief provided for herein, and to resolve any disputes related to the Sale Transaction, APA, or the implementation thereof.

 **/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
  **Dated: March 13, 2025**

# EXHIBIT A
# TO SALE ORDER:
# SCHEDULE OF SECURED LIEN CREDITORS

| **Mortgagee/Holder** | **Encumbrance No. on Title Report** | **Instrument No.** |
|---|---|---|
| Parcel Nos. I, II, &III – Lot Nos. 5140-1-2, 5140-2-R2, & 5140-2-2 | | |
| Guam Department of Revenue and Taxation ("DRT")<br>c/o Jennifer Cruz-Matsumiya<br>Dept. of Revenue & Taxation<br>Taxpayer Services Division<br>P.O. Box 23607<br>Barrigada, Guam 96921 | 10, 11, 20, 21, 23, 24, 25, 26 | Real Estate Taxes Due and Owing |
| Bank of Guam<br>c/o Arriola Law Firm LLC<br>259 W. Martyr Street,<br>Ste. 201<br>Hagatna, Guam 96910 | 14 | 890664, 997435, 997436, 1001025 |
| DRT<br>c/o Jennifer Cruz-Matsumiya<br>Dept. of Revenue & Taxation<br>Taxpayer Services Division<br>P.O. Box 23607<br>Barrigada, Guam 96921 | 15 | 948827 |
| DRT<br>c/o Jennifer Cruz-Matsumiya<br>Dept. of Revenue & Taxation<br>Taxpayer Services Division<br>P.O. Box 23607<br>Barrigada, Guam 96921 | 16 | 958989 |
| DRT<br>c/o Jennifer Cruz-Matsumiya<br>Dept. of Revenue & Taxation<br>Taxpayer Services Division<br>P.O. Box 23607<br>Barrigada, Guam 96921 | 17 | 958990 |
| U.S. Small Business Administration ("SBA")<br>2 North 20th Street, Suite 320<br>Birmingham, AL 35203 | N/A – identified in the attached financing statements claiming a security interest in personal property | UCC File No. 33436 |

# EXHIBIT B
# TO SALE ORDER:
# LEGAL DESCRIPTION OF REAL PROPERTY

The land in Tamuning, Guam bounded and described as follows:

## PARCEL 1

**LOT NUMBER 5140-1-2, TAMUNING, GUAM,** (Estate No. 70062), Suburban, as said lot is marked and designated on Map Drawing No. MS-340FY82 (LM#191FY85), dated 05/30/1985 and recorded on 05/31/1985 under Instrument No. 359298, in the Department of Land Management, Government of Guam.

The following is shown for information purposes only: Said map shows the area to be 43,891.21 +/- square feet / 4,077.63 +/- square meters.

Last Certificate of Title No. 99446, issued to Republic of Nauru (Guam), Inc., a Guam corporation.

## PARCEL 2

**LOT NUMBER 5140-2-R2, TAMUNING, GUAM,** (Estate No. 16044), Suburban, as said lot is marked and designated on Map Drawing No. 607-T67D (LM#331FY67), dated 10/11/1968 and recorded on 11/22/1968 under Instrument No. 87975, in the Department of Land Management, Government of Guam.

LESS AND EXCEPT that northern portion taken for San Vitores Road, designated as Lot No. 5140-2-3G, containing an area of 505 +/- square feet or 46.92 +/- square meters, as marked and designated on Map Drawing No. 8518 (LM#401FY85), dated 03/17/1987 and recorded on 04/27/1987 under Instrument No. 384173, in the Department of Land Management, Government of Guam.

The following is shown for information purposes only: Said map shows the area to be 11,049 +/- square meters.

Last Certificate of Title No. 99477 issued to Republic of Nauru (Guam), Inc., a Guam corporation.

## PARCEL 3

The Leasehold Estate created by that certain Ground Lease dated 07/01/1982 and recorded on 08/19/1982 under Instrument No. 331139, in the Department of Land Management, Government of Guam, executed by Maria B. Anderson, Lessor, to Nauru Development Corporation, Lessee.

First Amendment of Ground Lease Agreement, dated 03/02/1998 and recorded on 03/03/1998 under Instrument No. 578619, in the Department of Land Management, Government of Guam, executed by Soledad A. Lujan, Daniel Anderson Guerrero,

24613890.v5

Joseph Anderson Guerrero, Bernice Guerrero Cepeda, Marie Anderson Guerrero, Lessors, to the Republic of Nauru (Guam), Inc., a Guam corporation, Lessee.

Assignment and Assumption of Lessee's Interest in Ground Lease dated 02/17/2004 and recorded on 02/24/2004 under Instrument No. 688657, in the Department of Land Management, Government of Guam, executed by Republic of Nauru (Guam), Inc., a Guam corporation, assignor, to Guam Acquisition Company, LLC, a Guam limited liability company, assignee.

Assignment and Assumption of Lessee's interest in Ground Lease dated 06/01/2006 and recorded on 06/01/2006 under Instrument No. 737553, in the Department of Land Management, Government of Guam, executed by the Guam Acquisition Company, L.L.C., a Guam Limited Liability Company, assignor, to UFB Guam Hotel Corp., a Delaware corporation, assignee.

Deed Upon Power of Sale dated 09/02/2010 and recorded on 09/03/2010 under Instrument No. 810920, in the Department of Land Management, Government of Guam, executed by Marianas Properties, LLC, grantor, to Marianas Properties, LLC, grantee.

Assignment and Assumption of Lessee's Interest in Ground Lease upon Foreclosure dated 09/09/2010 and recorded on 09/10/2010 under Instrument No. 811129, in the Department of Land Management, Government of Guam, executed by Marianas Properties, LLC, assignor, to Marianas Properties, LLC, assignee.

Notice of Compliance of all Terms and Conditions of Ground Lease Agreement as Amended, dated 09/07/2012 and recorded on 09/11/2012 under Instrument No. 841508, in the Department of Land Management, Government of Guam, executed by Marianas Properties, LLC, Lessee, the following described premises, to wit:

**LOT NUMBER 5140-2-2, TAMUNING, GUAM,** (Estate No. 16043), Suburban, as said lot is marked and designated on Map Drawing No. 607-T67D (LM#331FY67), dated 10/11/1968 and recorded on 11/22/1968 under Instrument No. 87975, in the Department of Land Management, Government of Guam.

LESS AND EXCEPT that northern portion taken for San Vitores Road, designated as Lot No. 5140-2-2-1G, containing an area of 1,710 +/- square feet or 158.86 +/- square meters, as marked and designated on Map Drawing No. 8518 (LM#401FY85), dated 03/17/1987 and recorded on 04/27/1987 under Instrument No. 384173, in the Department of Land Management, Government of Guam.

The following is shown for information purposes only: Said map shows the area to be 11,108 +/- square meters.

Last Certificate of Title No. 97870 issued to Soledad A. Lujan and Dolores A. Guerrero, as equal tenants in common.