**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC, [1]<br><br>Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**DEBTOR'S SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING ITS EXCLUSIVE PERIOD TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF** |

Marianas Properties, LLC (the "Debtor") files this motion (the "Motion") for entry of an order pursuant to section 1121(d)(1) of title 11 of the United States Code (the "Bankruptcy Code") to extend the exclusive period for the Debtor to file a chapter 11 plan (the "Exclusive Filing Period") and to solicit acceptances of such plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"). In support of this Motion, the Debtor respectfully states as follows:

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

24698923.v2

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(a) and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2. The statutory basis for the relief requested are sections 1121(b), 1121(c)(3), and 1121(d) of the Bankruptcy Code.

## BACKGROUND

3. On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing this chapter 11 case. The Debtor continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. The Office of the United States Trustee (the "U.S. Trustee") has not appointed a committee in this case.

5. A description of the Debtor, its business, and the facts and circumstances supporting commencement of this case are set forth in greater detail in the *Declaration of Ajay Pothen in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 6] (the "First Day Declaration").

6. Pursuant to section 1121(b) of the Bankruptcy Code, the Debtor's original exclusive period to file a plan of reorganization lasted through and included January 10, 2025, and, pursuant to section 1121(c)(3), the debtor's original exclusive period to solicit acceptance of a plan lasted through and included March 11, 2025.

7. On January 9, 2025, the Debtor filed the *Debtor's Motion for Entry of an Order Under 11 U.S.C. § 1121(d)(1) Extending Its Exclusive Period to File a Chapter 11 Plan and Solicit*

*Acceptances Thereof* [Dkt. No. 139] (the "First Motion to Extend"), seeking a ninety-day extension of each of the Exclusive Periods.

8. On January 30, 2025, the Court entered the *Order Granting Debtor's Motion for Entry of an Order Under 11 U.S.C. § 1121(d)(1) Extending Its Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Dkt. No. 143] (the "First Exclusivity Order"), granting the First Motion to Extend and extending the Exclusive Filing Period through and including April 10, 2025, and the Exclusive Solicitation Period through and including June 9, 2025 (collectively the "Extended Exclusive Periods").

9. Since the Petition Date, the Debtor has and continues to work diligently towards finalizing its chapter 11 exit strategy, including to develop and prepare a chapter 11 plan.

10. To that end, on February 17, 2025, the Debtor filed its *Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto* [Dkt. No. 145] (the "Sale Motion").

11. On March 13, 2025, the Court entered the *Order Granting Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto* [Dkt. No. 167] (the "Sale Order"). By the Sale Order, the Court authorized the Debtor to sell substantially all of its assets to Cartium Enterprise Guam, LLC, as assignee of Eastern Contractors Corporation (together, the "Buyer"), for a purchase price of $33,000,000.00.

12. On April 3, 2025, the Debtor closed on the sale of substantially all of its assets to the Buyer under the terms of the Sale Order. [Dkt. No. 172].

3
24698923.v2
Case 24-00013   Document 173   Filed 04/10/25   Page 3 of 11

**RELIEF REQUESTED**

13. The Debtor seeks an extension of the current Extended Exclusive Periods in order to provide the Debtor with additional time to finalize its chapter 11 exit strategy, namely through the proposal of a chapter 11 plan that will resolve all remaining issues and provide for the disbursement of sale proceeds to creditors of the Debtor. Specifically, pursuant to section 1121(c) of the Bankruptcy Code, the Debtor requests that the Court enlarge the Exclusive Filing Period for an additional ninety days, from April 10, 2025 to **July 9, 2025**; and the Exclusive Solicitation Period for an additional ninety-one days from June 9, 2025 to **September 8, 2025**.[2]

**BASIS FOR RELIEF**

14. Section 1121 of the Bankruptcy Code establishes the parameters for the Debtor's Exclusive Filing Period and Exclusive Solicitation Period and provides this Court authority to extend such periods for cause. The Debtor submits that there is ample cause to do so for the following reasons.

15. Section 1121(b) of the Bankruptcy Code provides that "[e]xcept as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter." 11 U.S.C. § 1121(b). Further, section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120 days after the date of the order for relief, that debtor shall have an exclusive period of 180 days from the date of the order for relief to obtain acceptances of its plan. 11 U.S.C. § 1121(c)(3). Pursuant to the First Exclusivity Order, the Exclusive Filing Period is scheduled to expire on Thursday, April 10, 2025, and the Exclusive Solicitation Period expires on Monday, June 9, 2025.

16. Section 1121(d)(1) of the Bankruptcy Code permits a court to extend the Exclusive

---

[2] A ninety day extension would fall on Sunday, September 7, 2025. Accordingly, the Debtor sees a ninety-one day extension to have the extended Exclusive Solicitation Period fall on Monday, September 8, 2025.

Periods established in sections 1121(b) and (c)(3) "for cause." Although the Bankruptcy Code does not define "cause," the legislative history indicates the term should be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *accord Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297-98 (W.D. Tenn. 1987); *Teachers Insur. & Annuity Assoc. of Am. v. Lake in the Woods (In re Lake in the Woods)*, 10 B.R. 338, 344-45 (E.D. Mich. 1981); *In re Ravenna Indus., Inc.*, 20 B.R. 886, 889 (Bankr. N.D. Ohio 1982); *In re Ames Dep't Stores Inc.*, 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991) ("The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors."); 140 Cong. Rec. H. 10764 (Oct. 4, 1994) ("Exclusivity is intended to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated.").

17. A request for an extension of exclusivity under section 1121(d) must be made within the prevailing Exclusive Filing Period, but the Court need not rule on the request before the Exclusive Filing Period expires. *In re Nicolet, Inc.*, 80 B.R. 733, 741 (Bankr. E.D. Pa. 1987).

18. Courts often balance and apply various of the following factors in deciding whether "cause" exists to extend (or to terminate) a debtor's Exclusive Periods:

   a. The size and complexity of the case;
   b. The need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
   c. Whether the debtor has made progress in negotiations with its creditors;
   d. The existence of good faith progress toward reorganization;
   e. Whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;
   f. Whether the debtor has demonstrated reasonable prospects for filing a viable plan;
   g. The fact that the debtor is paying its bills as they become due;
   h. The amount of time which has elapsed in the case; and
   i. Whether an unresolved contingency exists.

5

*See, e.g., In re Adelphia Comm'cns Corp.*, 336 B.R. 610, 674 (S.D.N.Y. 2006); *see also In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 751 (Bankr. M.D. Tenn. 2000) (extending exclusive periods after considering size and complexity of the cases, debtors' good faith through the reorganization, and absence of wrongful coercion of, or prejudice against, creditors).

19. Courts in the Ninth Circuit recognize that an extension of a debtor's Exclusive Periods is especially warranted where doing so will facilitate the debtor's efforts in moving the case forward toward a fair and equitable resolution. *See, e.g.*, *In re Henry Mayo Newhall Mem'l Hosp.*, 282 B.R. 444, 453 (B.A.P. 9th Cir. 2002) (citing *In re Dow Corning Corp.*, 208 B.R. 661, 670 (Bankr. E.D. Mich. 1997) (holding that "[w]hen the Court is determining whether to terminate a debtor's exclusivity, the primary consideration should be whether or not doing so would facilitate moving the case forward. And that is a practical call that can override a mere toting up of the factors.")).

20. Not all factors are relevant to every case and courts tend to use a subset of applicable factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (E.D. Tex. 1996) (listing all nine factors later set forth in *Adelphia*, but relying on only four as relevant in determining whether there was "cause" to extend exclusivity); *In re McLean Indus., Inc.*, 87 B.R. 830, 835 (S.D.N.Y. 1987) (recognizing that maximizing value of tax attributes is further cause for extending exclusivity by holding that the need to determine "the optimal way to utilize [the estate's] NOLs" supports exclusivity extension); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (D.D.C. 1986) (finding that debtor showed cause to extend exclusivity based upon showing of three factors later identified by *Adelphia*: complexity, negotiations with creditors, and progress towards reorganization); *In re Pine Rune Trust, Inc.*, 67 B.R. 432, 435 (E.D. Pa. 1986) (relying on two factors later identified by *Adelphia* – reasonable prospects for filing a viable plan and absence of pressure on creditors to

6

accede to the debtor's reorganization demands – in holding that cause existed to extend exclusivity).

21. Here, cause exists under section 1121(d) of the Bankruptcy Code to extend both of the Exclusive Periods by an additional ninety days. In fact, nearly all of the relevant factors weigh in favor of extending the Exclusive Periods.

### A. The Bankruptcy Case is Relatively Large and Sophisticated.

22. The Debtor owned and historically operated a large hotel and resort with numerous amenities. This case is both large and sophisticated, based on the size of the claim held by Bank of Guam ("*BOG*"), the existence of non-debtor affiliates, the number of first day motions, the contested debtor-in-possession financing, disputes with BOG (including a motion for relief from stay), and the Debtor's successful sale of substantially all of its assets with the approval of the Court. As such, the Debtor requires additional time to finalize, negotiate, propose, and seek to confirm a chapter 11 plan. Additionally, a further extension of time is likely to benefit the estate, creditors, and other parties in interest by enhancing the likelihood that the Debtor will be able to propose a chapter 11 plan that is reasonably likely to be confirmed without significant objection or renegotiation.

### B. The Debtor is Making Significant Progress Negotiating with Creditors.

23. The Debtor has a number of important creditors in this case, but BOG has played the largest role in the case to date. BOG initially opposed certain relief sought by the debtor, and BOG had also filed a motion for relief from the automatic stay. However, the Debtor has been able to cooperate with BOG in connection the sale of substantially all of the Debtor's assets, and this sale has provided the Debtor with the necessary funds and breathing room to work towards formulating an exit strategy that will provide meaningful distributions to all creditors, including BOG.

### C. The Debtor Has Made Good Faith Progress in the Bankruptcy Case.

24. The Debtor continues to make good-faith progress toward a successful resolution of this bankruptcy case. The Debtor has successfully resolved various contested matters and secured debtor in possession financing to permit, among other things, the orderly continuation of the operation of the Debtor's business, to preserve the value of the Debtor's assets, and to satisfy other working capital needs. Most significantly, the Debtor has successfully sold substantially all of its assets with the approval of the Court, which is a substantial milestone in the chapter 11 case and required significant dedication of resources and attention by the Debtor. Now that the sale has closed, the Debtor will be able to train its efforts towards proposing a chapter 11 plan that will resolve remaining issues and provide a path towards the conclusion of this chapter 11 case.

### D. The Debtor Needs Additional Time to Negotiate a Plan of Reorganization and Prepare Adequate Information.

25. Although the Debtor has already closed on the sale of substantially all of its assets and begun outlining a plan, the Debtor needs additional time to negotiate, finalize, and file its chapter 11 plan and disclosure statement. Given the large amount of time and attention that has been expended on the complex marketing process and sale of the Debtor's assets, the Debtor requires additional time to propose a plan that will be reasonably likely to be confirmed without further renegotiation with creditors and other parties in interest.

### E. An Extension of the Exclusive Periods Will Not Prejudice Creditors.

26. The Debtor seeks to maintain exclusivity so that parties with competing interests do not derail the Debtor's efforts to formulate a consensual restructuring that maximizes value for all of the Debtor's creditors. Maintaining exclusivity will afford the Debtor the opportunity to continue negotiating with creditors in order to maximize the value to the bankruptcy estate and the Debtor's creditors. Even if the Bankruptcy Court approves an additional extension of the Exclusive

Periods, then nothing prevents parties in interest from later arguing to the Bankruptcy Court that cause supports termination of the Debtor's exclusive rights to file a solicit confirmation of a chapter 11 plan.

### F. The Debtor is Paying Its Bills as They Come Due.

27. Since the Petition Date, the Debtor has stabilized its operations and is paying its employees, utility providers, and other debts in the ordinary course of business or as otherwise provided by Court order.

### G. The Debtor Has Demonstrated Reasonable Prospects for Filing a Viable Plan.

28. As set forth above, the Debtor has closed on the sale of substantially all of its assets, and the Debtor believes that it will be able to confirm a plan with the support of its creditors and other parties in interest. If the Court extends the Exclusive Periods, the Debtor believes that it will be able utilize the additional time to resolve remaining issues and propose a chapter 11 plan with a reasonable likelihood of being confirmed.

### H. This Bankruptcy Case Has Been Pending for a Reasonable Time.

29. While this request for an extension of the Exclusive Periods is the Debtor's second, it comes less than seven months into the bankruptcy case in a context where the Debtor has actively worked to pursue its chapter 11 strategy (in recognition of the fact that chapter 11 is a road to travel but not a destination unto itself), including through a sale of substantially all of its assets. Granting relief including extension of the Exclusive Periods is common and customary under these types of circumstances.

## NOTICE

30. The Debtor has sent notice of this Motion to all parties in this case receiving service through the Court's CM/ECF electronic filing system. The Debtor submits that the foregoing constitutes adequate notice under the circumstances.

## CONCLUSION

31. The Debtor respectfully requests that this Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: April 10, 2025

Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

 */s/ Minakshi V. Hemlani*
**MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

 */s/ Andrew C. Helman*
**ANDREW C. HELMAN**

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

       This is to certify that I have on April 10, 2025, I caused a copy of the foregoing document to be filed with the electronic case filing system for the United States District Court for the District of Guam, Bankruptcy Division, thereby serving all parties in interest receiving service in this case through the Court's electronic filing system.

                                       **DENTONS BINGHAM GREENEBAUM LLP**

                                       */s/ Andrew C. Helman*
                                       **ANDREW C. HELMAN**