OFFICE OF THE UNITED STATES TRUSTEE

TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING     3931
Assistant United States Trustee
NEIL VERBRUGGE 7478
Trial Attorney
300 Ala Moana Boulevard, Room 4108
Honolulu, Hawaii  96850
Telephone:  (808) 522-8155
ustpregion15.hi.ecf@usdoj.gov

# THE DISTRICT COURT OF GUAM

## BANKRUPTCY DIVISION

| | |
|---|---|
| In re:<br><br>MARIANAS PROPERTIES, LLC,<br><br>   Debtor and<br>   Debtor-in-Possession. | Case No. 24-00013<br>(Chapter 11) |

### UNITED STATES TRUSTEE'S REQUEST FOR STATUS CONFERENCE PURSUANT TO 11 U.S.C. § 105(d)

The United States Trustee, by and through her attorney, hereby submits this Request for Status Conference pursuant to 11 U.S.C. § 105(d).  The United States Trustee has authority and standing to make this statement since its responsibilities include, among other things, supervising "the administration of cases … under Chapter 11" of the Bankruptcy Code.  28 U.S.C. § 586(a)(3).

**I. BACKGROUND**

  1. On September 12, 2024, Debtor Marianas Properties, LLC ("Debtor") commenced a bankruptcy case by filing a voluntary petition under Chapter 11 of Title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the District Court of Guam, Bankruptcy Division (the "Court") initiating Bankruptcy Case No. 24-00013.

2. On September 12, 2024, Debtor filed a Motion for Entry of an Order on an Interim and then Final Basis: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Granting Liens and a Superpriority Claim; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) For Related Relief, Dkt. #5 (the Motion for "Postpetition Financing").

3. On November 18, 2024, the Court entered an Order Granting Debtor's Motion for Postpetition Financing, Dkt. #121, authorizing Debtor to borrow up to $1,500,000 from Lender Mathews Pothen on an administrative expense priority.

4. On January 9, 2025, Debtor filed a Motion for Entry of an Order under 11 U.S.C. § 1121(d)(1) Extending its Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances thereof (the "First Motion to Extend Exclusivity"), Dkt. #139.

5. On January 30, 2025, the Court entered an Order Granting the First Motion to Extend Exclusivity extending Debtor's exclusive filing period for 90 days from January 10, 2025 to April 10, 2025, Dkt. #143.

6. On February 17, 2025, Debtor filed a Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation thereto, Dkt. #145 (the "Sale Motion").

7. On March 13, 2025, the Court entered an Order granting the Sale Motion, Dkt. #167, which authorized Debtor to sell Assets to Cartium Enterprise Guam, LLC for $33,000,000.00.

8. On April 10, 2025, the Debtor filed a Notice of Closing of Sale of Certain Assets of Marianas Properties, LLC, Dkt. # 172 (the "Notice of Closing of Sale").

9. On April 10, 2025, Debtor filed a Motion for Entry of an Order under 11 U.S.C. § 1121(d)(1) Extending its Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances thereof (the "Second Motion to Extend Exclusivity"), Dkt. #172.

10. On June 3, 2025, the Court entered an Order Granting the Second Motion to Extend Exclusivity extending Debtor's exclusive filing period for 90 days from April 10, 2025 to July 9, 2025, Dkt. #187.

11. On May 20, 2025, the Debtor filed a Motion of the Debtor and Debtor in Possession for Approval of Settlement with Bank of Guam Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Settlement Motion"), Dkt. #183.

12. On June 4, 2025, the Court entered Order Granting the Settlement Motion, Dkt. # 188, which authorized Debtor to pay Bank of Guam a payoff amount of $32,503,544.87.

13. To date, Debtor has not filed a Report of Sale with the Final Settlement Statement.

14. However, Debtor's June 2025 Monthly Operating Report, Dkt. #193, shows the Debtor made disbursements of $32,970,783 in June 2025:

| | Part 1: Cash Receipts and Disbursements | Current Month | Cumulative |
|---|---|---|---|
| a. | Cash balance beginning of month | $34,754,559 | |
| b. | Total receipts (net of transfers between accounts) | $431,004 | $36,120,631 |
| c. | Total disbursements (net of transfers between accounts) | $32,970,783 | $33,943,161 |
| d. | Cash balance end of month (a+b-c) | $2,214,780 | |
| e. | Disbursements made by third party for the benefit of the estate | $0 | $305,517 |
| f. | Total disbursements for quarterly fee calculation (c+e) | $32,970,783 | $34,248,678 |

15. Debtor's June 2025 MOR shows that, on June 26, 2025, Debtor disbursed $32,503,544.87 from DIP Account ending in x-0537 to pay off the Bank of Guam's secured debt:



```
135415-01A**000415
MARIANAS PROPERTIES LLC
DBA PACIFIC STAR RESORT AND SP
627B PALE SAN VITORES ROAD
TUMON GU  96913-4009
```

Important Notice: Voice Banking service ends on July 31, 2024. Discover Cara, our digital assistant, at (671) 472-5300 today!

******0537        DDA - BUSINESS

| | | |
|---|---|---:|
| Previous Balance | 05/31/25 | $34,694,342.63 |
| + Deposits/Credits | 0 | $0.00 |
| - Withdrawals/Debits | 1 | $32,503,544.87 |
| - Service Charge | | $20.00 |
| + Interest Paid | | $0.00 |
| Current Balance | | $2,190,777.76 |
| Days in Statement Period | 30 | |

Account Activity

| Date | Description | Debit | Credit | Balance |
|---|---|---:|---|---:|
| 05/31/25 | BEGINNING BALANCE | | | $34,694,342.63 |
| 06/26/25 | DEBIT MEMO | $32,503,544.87 | | $2,190,797.76 |
| 06/30/25 | SERVICE CHG SYS-GEN | $20.00 | | $2,190,777.76 |

> **Bank of Guam**
>
> WE HAVE CHARGED YOUR ACCOUNT payoff hour
> Guam Industrial Services
>
> ROUTING / TRANSIT #
> ACCT. NO. 0537
> DO NOT FAIL TO MAKE THIS ENTRY IN YOUR CHECKBOOK
>
> TO: Marianas properties LLC
> DBA: pacific star Desert and sp
>
> CHECKING / SAVINGS
> DATE 6/26/25
>
> TRAN CODE
> $ 32,503,544.87
>
> BANK OF GUAM    APPD.
> JUN 26 2025
> LOAN SUPPORT DEPT.

6/26/2025                                    $32,503,544.87

16. Based on Debtor's disbursements as of the most recently filed July 2025 MOR, pursuant to 28 U.S.C. § 1960(a)(6), Debtor owes quarterly fees in the amount of $251,538.14.

17. Debtor's July 2025 MOR states the Debtor has borrowed an aggregate amount of approximately $1,456,090.00 of postpetition financing:

5

Marianas Properties, LLC
MOR July 2025
Exhibit A

**Part 2a:** As noted on the Debtor's balance sheet included in the supporting documentation attached to the July Monthly Operating Report, the intercompany receivable balances reflected on the Debtor's financial statements correspond with the allocation of loan balances and the BOG loan payoff between the Debtor and other affiliated borrowers jointly liable on the BOG loan.

**Part 7c:** The only payments by the Debtor made on behalf of insiders during July were wages paid to Ajay Pothen, the Debtor's president.

**Part 7g:** Pursuant to the *Interim Order Granting Debtor's Motion for Entry of an Order on an Interim and Then Final Basis: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Granting Liens and a Superpriority Claim; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) For Related Relief* [Dkt. No. 46] and the *Order Modifying Interim Order Granting Debtor's Motion for Entry of an Order on an Interim and Then Final Basis: (I) Authorizing the Debtor to Obtain Postpetition Financing; (II) Granting Liens and a Superpriority Claim; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) For Related Relief* [Dkt. No. 80], the Debtor has borrowed an aggregate amount of approximately $1,456,090.00 of postpetition financing.

## II. APPLICABLE LAW

Section 105(d) of the Bankruptcy Code provides:

(d) The court, on its own motion or on the request of a party in interest--
  (1) shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case; and
  (2) unless inconsistent with another provision of this title or with applicable Federal Rules of Bankruptcy Procedure, may issue an order at any such conference prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically, including an order that--
    (A) sets the date by which the trustee must assume or reject an executory contract or unexpired lease; or
    (B) in a case under chapter 11 of this title--
      (i) sets a date by which the debtor, or trustee if one has been appointed, shall file a disclosure statement and plan;
      (ii) sets a date by which the debtor, or trustee if one has been appointed, shall solicit acceptances of a plan;
      (iii) sets the date by which a party in interest other than a debtor may file a plan;
      (iv) sets a date by which a proponent of a plan, other than the debtor, shall solicit acceptances of such plan;

                (v) fixes the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement; or
                (vi) provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

11 U.S.C.A. § 105.

### III. DISCUSSION

It has been nearly 2.5 months since the Debtor disbursed, on June 26, 2025, funds totaling $32,503,544.87 to pay off the Bank of Guam. The Debtor's June 2025 MOR shows DIP Account ending in x-0537 is holding $2,190,777.76. Debtor's July 2025 MOR states the Debtor has borrowed an aggregate amount of $1,456,090.00 of postpetition financing.

The United States Trustee respectfully requests the Court set a status conference, at a date and time convenient to the Court, to further the expeditious resolution of this case. At the requested status conference, the Debtor should be prepared to discuss any steps which may be taken to ensure this case is handled expeditiously and efficiently and all interested parties should be permitted to offer their feedback or recommendations regarding any such steps. At the requested status conference, the United States Trustee requests the Court set a deadline date by which the Debtor will file a disclosure statement and plan, and a motion for approval of the disclosure statement and obtaining a hearing on such motion. Also, the scheduling of any plan confirmation proceedings should be discussed.

### IV. CONCLUSION

For the reasons set forth above, the United States Trustee requests the Court schedule a Status Conference, at a date and time convenient to the Court, to discuss the status of this case and any steps which may be taken to ensure this case is handled expeditiously and efficiently.

DATE: Honolulu, Hawaii, September 15, 2025.

                                                            Tiffany L. Carroll
                                                            Acting United States Trustee

                                                            By /s/ Neil Verbrugge
                                                           Trial Attorney