**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC, [1]<br><br>    Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT FOR THE CHAPTER 11 PLAN OF LIQUIDATION; (II) SCHEDULING A COMBINED HEARING ON THE PLAN AND DISCLOSURE STATEMENT; III) APPROVING PROCEDURES FOR SOLICITATION AND VOTING, INCLUDING DATES, DEADLINES, AND NOTICES RELATED TO CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF** |

Marianas Properties, LLC, the debtor and debtor-in-possession (the "<u>Debtor</u>"), hereby submits this motion (the "<u>Motion</u>") for entry of an order (the "<u>Order</u>"), in substantially the form attached hereto, (i) conditionally approving the *Disclosure Statement for Chapter 11 Plan of*

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

1

3.    25121782.v3

*Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 199] (the "Disclosure Statement"), (ii) scheduling a combined hearing to consider confirmation of the Plan and final approval of the adequacy of the information contained in the Disclosure Statement under section 1125 of the Bankruptcy Code (the "Combined Hearing"); (iii) approving procedures for solicitation and voting on the *Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 198] (the "Plan"), including approving certain dates, deadlines, and notices for confirmation of the Plan; and (iv) granting related relief.[2] In support of this Motion, the Debtor respectfully submits as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this chapter 11 case pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1408.

## BACKGROUND

4. On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). A more detailed description of the Debtor's business, capital structure, and the circumstances leading to these chapter 11 filings is set forth in the *Declaration of Ajay Pothen in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 6].

5. The Debtor owned and historically operated the Pacific Star Resort & Spa, a hotel and resort located at 627b Pale San Vitores Road, Tumon, Guam 96913 (the "Hotel"). The real estate on which the Hotel was located is comprised of three lots of land. The Debtor owned two

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

lots (the "Owned Lots") and leased one lot (the "Leased Lots").

6. On October 10, 2024, the Debtor filed its schedules and statement of financial affairs [Dkt. Nos. 73-79] (the "Schedules"). Among other things, the Schedules and Statements identify all creditors known to the Debtor as of the Petition Date.

7. On September 16, 2024, the Court issued the *Notice of Chapter 11 Bankruptcy Case* [Dkt. No. 37] (the "Notice of Bankruptcy"). Through the Notice of Bankruptcy, the Court established (i) January 14, 2025 as the deadline for any party in interest, other than governmental units as defined by section 101(27) of the Bankruptcy Code, to file a proof of claim (the "General Bar Date") and (ii) March 11, 2025 as the deadline for any governmental units to file a proof of claim (the "Governmental Bar Date" and together with the General Bar Date, the "Bar Dates").

8. On February 17, 2025, the Debtor filed its Motion for Authority to Sell Certain Assets of Marianas Properties, LLC to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto [Dkt. No. 145] (the "Sale Motion), seeking authority to sell substantially all of the Debtor's assets in accordance with section 363 of the Bankruptcy Code. On March 13, 2025, the Court entered the Order Granting the Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto [Dkt. No. 167] (the "Sale Order") granting the Sale Motion.

9. The Sale Order authorized the Debtor to sell substantially all of its assets to Cartium Enterprise Guam, LLC, as assignee of Eastern Contractors Corporation (together, the "Buyer"), for a purchase price of $33,000,000.00 (the "Purchase Price") and under the terms set forth in the Sale Order and the Asset Purchase Agreement by and among the Debtor and the Buyer (the "APA").

10. On April 3, 2025, the Debtor closed on the sale of substantially all of its assets to the Buyer under the terms of the APA and the Sale Order (the "Closing").

11. On May 20, 2025, the Debtor filed its Motion of the Debtor and Debtor in Possession for Approval of Settlement with Bank of Guam Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure [Dkt. No. 183] (the "Settlement Motion"). Through the Settlement Motion, the Debtor requested approval of a compromise between the Debtor and Bank of Guam ("BOG") to pay BOG $32,503,544.487 (the "Payoff Amount") in full satisfaction of BOG's claims against the Debtor. The Court entered an order approving the Settlement Motion on June 4, 2025 [Dkt. No. 188], pursuant to which BOG debited the Payoff Amount from the Debtor's debtor-in-possession bank accounts on June 26, 2025.

12. On September 25, 2025, the Debtor filed the Disclosure Statement and the Plan.

RELIEF REQUESTED

13. By this Motion, the Debtor requests entry of an order: (i) conditionally approving the Disclosure Statement for purposes of solicitation; (ii) scheduling a Combined Hearing to consider confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code and final approval of the adequacy of the information contained in the Disclosure Statement under section 1125 of the Bankruptcy Code; (iii) approving procedures for solicitation and voting on confirmation of the Plan, including approving certain dates, deadlines, and notices for confirmation of the Plan; and (iv) granting related relief.

14. For ease of reference, key dates proposed herein for approval of the Disclosure Statement and confirmation of the Plan are summarized below:

| EVENT | DATE[3] |
|---|---|
| Solicitation Deadline | October 22, 2025 |
| Voting Deadline | November 19, 2025 |
| Deadline to File Ballot Tabulation | November 20, 2025 |
| Plan Objection Deadline | November 26, 2025 |
| Plan Reply Deadline | December 3, 2025 |
| Combined Hearing | December 10, 2025 |

These proposed dates are designed to provide all parties-in-interest with a reasonable time to act and consider the Plan, while minimizing administrative costs and permitting confirmation of the Plan in an efficient and timely manner.

**BASIS FOR RELIEF REQUESTED**

**I. The Disclosure Statement Contains Adequate Information and Should Be Conditionally Approved for Purposes of Solicitation.**

15. Pursuant to this Motion, the Debtor requests the Court's conditional approval of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code and rules 3016 and 3017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Disclosure Statement contains "adequate information" and complies with all aspects of section 1125 of the Bankruptcy Code. However, at the hearing on the Motion, the Debtor will seek only conditional approval of the Disclosure Statement for solicitation purposes. At the Combined Hearing, the Debtor will, among other things, demonstrate on a final basis that the information set forth in the Disclosure Statement contained adequate information within the meaning of section 1125 of the Bankruptcy

---

[3] Pursuant to the Court's Order at Dkt. No. 197, the Debtor has discussed the dates contained in this chart with the U.S. Trustee, as reflected in the *Notice of Jointly Proposed Deadlines Related to the Confirmation Schedule of the Debtor's Plan of Liquidation* filed on September 26, 2025 [Dkt. No. 200].

Code.

16. Pursuant to section 1125 of the Bankruptcy Code, the solicitation of votes on a plan from holders of claims and equity interests entitled to vote on the plan may not commence until a court-approved disclosure statement has been transmitted to such holders. Under section 1125 of the Bankruptcy Code, a disclosure statement must provide holders of impaired claims with "adequate information" regarding a proposed chapter 11 plan. "Adequate information" is defined within section 1125 of the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

17. Thus, the disclosure statement must "provide adequate information to creditors and interest holders in order for them to make an informed judgment about the plan. *In re Islet Scis., Inc.*, 640 B.R. 425, 459–60 (Bankr. D. Nev. 2022) (internal quotation marks omitted); *In re Ionosphere Clubs, Inc.*, 179 B.R. 25, 29 (S.D.N.Y. 1995). "[T]he definition of 'adequate information' at § 1125(a) . . . asks what the 'hypothetical reasonable investor typical of holders of claims or interests of the relevant class' would want to know in order to make an informed judgment about the plan." *Huntington Banks of Michigan v. Felcor/Lax Holdings L P*, 9 F. App'x 669, 670 (9th Cir. 2001); *In re BSL Operating Corp.*, 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986)

6

2. 25121782.v3

("[s]ection 1125 might be described as a non-rigid 'how-to-inform' section … A disclosure statement…is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests."). The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

18. Whether a disclosure statement contains adequate information "is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court. *Islet Scis.*, 640 B.R. at 460 (quoting *Computer Task Grp., Inc. v. Brotby (In re Brotby)*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003)); *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003). Accordingly, the determination of whether a disclosure statement contains adequate information is to be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

19. In that regard, courts generally examine whether the disclosure statement contains, if applicable, the following types of information:

> (a) the circumstances that gave rise to the filing of the bankruptcy petition;
>
> (b) an explanation of the available assets and their value;
>
> (c) the anticipated future of the debtor;
>
> (d) the source of the information provided in the disclosure statement;
>
> (e) a disclaimer, which typically indicates that no statements or information concerning the debtor or its assets or securities are authorized, other than those set forth in the disclosure statement;
>
> (f) the condition and performance of the debtor while in chapter 11;
>
> (g) information regarding claims against the estate;

(h) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;

(i) the accounting and valuation methods used to produce the financial information in the disclosure statement;

(j) information regarding the future management of the debtor, including the amount of compensation to be paid to any insiders, directors and/or officers of the debtor;

(k) a summary of the plan of reorganization or liquidation;

(l) an estimate of all administrative expenses, including attorneys' fees and accountants' fees;

(m) the ability to collect any accounts receivable;

(n) any financial information, valuations or pro forma projections that would be relevant to creditors' determinations of whether to accept or reject the plan;

(o) information relevant to the risks being taken by the creditors and interest holders;

(p) the actual or projected value that can be obtained from avoidable transfers;

(q) the existence, likelihood and possible success of non-bankruptcy litigation;

(r) the tax consequences of the plan; and

(s) the relationship of the debtor with its affiliates.

*See, e.g., In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988); *see also In re Reilly*, 71 B.R. 132, 134 (Bankr. D. Mont. 1987) (using similar list). This list is not meant to be comprehensive, nor must the disclosure statement provide all the information on the list. Rather, the bankruptcy court must decide what is appropriate in each case. *See Ferretti*, 128 B.R. at 18-19 (adopting similar list); *see also Phoenix Petroleum*, 278 B.R. at 393 (making use of similar list but cautioning that "no one list of categories will apply in every case").

20. The Debtor submits that the Disclosure Statement contains[4] information with respect to the applicable subject matters identified above, including, but not limited to, discussions of:

    (a)    the circumstances that gave rise to the filing of the bankruptcy petition;

    (b)    the indebtedness of the Debtor and information regarding claims against the estates;

    (c)    the marketing and sale of substantially all of the Debtor's business assets;

    (d)    the source of the information provided in the disclosure statement;

    (e)    certain key events that occurred in the Debtor's chapter 11 case;

    (f)    a summary of the Plan, including information regarding the classification and treatment of Claims and Interests;

    (g)    risk factors affecting the Plan; and

    (h)    requirements for confirmation of the Plan.

21. In addition to the types of information that bankruptcy courts typically examine, the Disclosure Statement also provides an analysis of the alternatives to confirmation and consummation of the Plan.

22. Accordingly, the Debtor submits that the Disclosure Statement contains all or substantially all information typically considered by bankruptcy courts, and respectfully requests the Court conditionally approve the Disclosure Statement for use by the Debtor during the solicitation period.

---

[4] The Disclosure Statement incorporates by reference various representations made by the Debtor in the Debtor's Disclosure Statement, including the Debtor's pre-petition history, operations, ownership, and the various factors that the Debtor allege have lead to the bankruptcy filing. The Disclosure Statement incorporates such assertions only where expressly referenced in the Disclosure Statement and only to the extent necessary to determine that the Disclosure Statement contains "adequate information" as required by the Bankruptcy Code. The Debtor reserves any and all rights with respect to the accuracy of such statements, including the right to amend the Disclosure Statement as necessary.

## II. The Combined Hearing.

23. The Debtor respectfully requests that the Court schedule a Combined Hearing on December 10, 2025, or as soon thereafter as the Court is available, to consider confirmation of the Plan and final approval of the Disclosure Statement as containing adequate information. Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Bankruptcy Rule 2002(b) provides that notice shall be given to "the debtor, the trustee, all creditors and indenture trustees [of] at least 28 days . . . by mail of the time to … (2) file an objection to and the time of the hearing to consider confirmation of a chapter 9, or chapter 11 plan…" FED. R. BANKR. P. 2002(b).

24. Section 105 of the Bankruptcy Code expressly authorizes the Court to "issue any order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be appropriate to ensure that the case is handled expeditiously and economically. *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re South Hills Operations, LLC et. al.*, Case No. 24-21217-CMB (Bankr. W.D. Pa. June 19, 2024) [Dkt. No. 1484]; *In re Tilden Marcellus, LLC*, Case No. 22-20212-GLT (Bankr. W.D. Pa. June 14, 2022) [Dkt. No. 464].

25. Accordingly, the Debtor respectfully requests that the Court schedule the Combined Hearing on the approval of the Plan and Disclosure Statement, including the adequacy of disclosures therein, on December 10, 2025, and provide that the Combined Hearing may be continued from time to time by the Court or the Debtor without further notice other than an announcement of the continuance at the Combined Hearing or any continued hearing.

10

2.    25121782.v3

26. The proposed Combined Hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's creditors by hastening the implementation of the Plan and Disclosure Statement. Scheduling the Combined Hearing on December 10, 2025, will provide the Debtor sufficient time to solicit votes on the Plan, to notify the required parties of the deadline to object to the confirmation of the Plan and adequacy of the Disclosure Statement, and to give notice of the Combined Hearing date in accordance with Bankruptcy Rule 2002(b). See FED. R. BANKR. P. 2002(b) (requiring twenty-eight (28) days' notice by mail of the time fixed for filing objections and the hearing to consider approval of the disclosure statement and to consider confirmation of a chapter 11 plan). Based on the circumstances of this chapter 11 case, the Debtor believes that the solicitation and hearing process proposed herein is reasonable and does not unfairly prejudice any creditors.

27. Accordingly, the Debtor submits that the proposed timing for the Combined Hearing is in compliance with Bankruptcy Rule 2002(b) and local rule 3020-1 as it provides adequate time for notice of all relevant parties and provides adequate opportunity for the relevant parties to file an objection or response to the Plan, and will enable the Debtor to pursue confirmation on a timely basis.

**Objection Procedures**

28. The Debtor additionally requests that the Court set the deadline for parties in interest to object to confirmation of the Plan (the "<u>Plan Objection Deadline</u>") for November 26, 2025, or 14 days before the Combined Hearing pursuant to local rule 3020-1. The Debtor requests that objections and responses, if any, to Confirmation of the Plan, must be in writing, must (a) conform to the Bankruptcy Rules, the local Bankruptcy Rules, and any orders of the Court in this chapter 11 case, (b) set forth the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (c) state with particularity the basis and nature of the

objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection, and (d) be filed, contemporaneously with a proof of service, with the Bankruptcy Court and served so that it is **actually received** by the Debtor and such other notice parties identified in the Combined Hearing Notice on or prior to the Plan Objection Deadline.[5]

29. The proposed Plan Objection Deadline will provide (i) parties in interest with sufficient notice of the Plan Objection Deadline under the circumstances and an opportunity to object to the Plan, (ii) the Debtor sufficient time to consider any objections and proposed modifications and file any replies, and (iii) the Court sufficient time to consider any such objections and replies before the Combined Hearing.

30. The Debtor further requests that it be authorized to file and serve any and all replies to objections by no later than December 3, 2025, which the Debtor believes will provide the Court sufficient time to consider such filing(s).

### III. The Solicitation and Balloting Procedures

31. The Debtor proposes to implement the following solicitation and balloting procedures in connection with providing notice to creditors and voting to accept or reject the Plan.

**Parties Entitled to Vote on Confirmation of the Plan**

32. Based upon the Debtor's Schedules, the proofs of claim filed in this chapter 11 case, and the provisions of the Plan, the Debtor proposes that holders of claims in Class One (the "Voting Class" or individually, a "Voting Creditor") may vote on confirmation of the Plan.

33. The holders of claims in Classes Two, Three, Four, Five, Six, and Seven are unimpaired and therefore presumptively deemed to accept the Plan. *See* 11 U.S.C. 1126(f); *In re PG&E Corp.*, 46 F.4th 1047, 1052 (9th Cir. 2022) ("As supposedly unimpaired creditors, plaintiffs

---

[5] Registered users of the Court's case filing system must electronically file their objections and responses.

were deemed to automatically accept the plan and therefore had no power to vote."); *In re Barakat*, 99 F.3d 1520, 1527 (9th Cir. 1996) ("A class that is not impaired is conclusively presumed to have accepted the plan" (internal quotation marks omitted)). Accordingly, holders of Claims in Classes Two, Three, Four, Five, Six, and Seven shall be referred to herein, collectively, as the "Non-Voting Classes."

34. The following chart, which is also included in the Plan, illustrates which Classes are impaired and unimpaired, as well as which Classes are entitled to vote:

| Category of Claim or Interest | Impaired or Unimpaired | Entitled to Vote on Plan (Yes/No) | Projected Recovery |
|---|---|---|---|
| Unclassified Claims (including Administrative Expenses, the DIP Financing Claim, Professional Fee Claims, and U.S. Trustee Fees) | Unimpaired | No | 100% |
| Class 1: BOG Secured Claim | Impaired | Yes | 100% |
| Class 2: SBA Secured Claim | Unimpaired | Presumed to accept Plan | 100% |
| Class 3: Priority Tax Claims | Unimpaired | Presumed to accept Plan | 100% |
| Class 4: Priority Non-Tax Claims | Unimpaired | Presumed to accept Plan | 100% |
| Class 5: General Unsecured Claims | Unimpaired | Presumed to accept Plan | 100% |
| Class 6: Subordinated Intercompany Claims | Unimpaired | Presumed to accept | 100% |
| Class 7: Interests (of Mathews Pothen) | Unimpaired | Presumed to accept | 100% |

**Approving Solicitation Packages and Procedures for Distribution Thereof**

35. Bankruptcy Rule 3017 sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan:

13

2. 25121782.v3

> Upon approval of a disclosure statement, --- except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders -- the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) the disclosure statement approved by the court;
>
> (3) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

FED. R. BANKR. P. 3017(d)(1)-(4).

36. In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors in accordance with Bankruptcy Rule 2002(b), and a form of Ballot conforming to Official Bankruptcy Form No. 14 shall be mailed to Claimants entitled to vote on the Plan.[6]

37. In the event the Court conditionally approves the Disclosure Statement for solicitation purposes, the Debtor proposes provide solicitation packages (the "Solicitation Packages") containing the information described below on or before the date set by the Court for such mailing (the "Solicitation Deadline") to all parties entitled to receive notice of the Combined Hearing in accordance with the Court's orders and/or Bankruptcy Rule 2002, including, among others, (a) the United States Trustee ("U.S. Trustee"), (b) any other party requesting service of pleadings in these chapter 11 cases pursuant to Bankruptcy Rule 2002, (c) all creditors listed on

---

[6] Official Bankruptcy Form No. 14 can be found at www.uscourts.gov/bkforms/index.html, the Official Website for the United States Bankruptcy Courts.

the Debtor's Schedules or having filed a proof of claim with contact information, and (d) all Interest holders.

38. In accordance with Rule 3017(d), Solicitation Packages shall contain a copy of-

    (a) the Plan;

    (b) the Disclosure Statement;

    (c) the Order approving this Motion;

    (d) a notice of the Combined Hearing (the "<u>Combined Hearing Notice</u>");

    (e) to the Voting Classes, a Ballot, in the form described herein and a return envelope; and

    (f) to Non-Voting Classes, a Notice of Non-Voting Status, in the form described herein.

39. Documents contained in the Solicitation Package, Combined Hearing Notices and Ballots will be mailed in hard copy form to promote participation in the confirmation and vote solicitation process.

40. Although the Debtor has made, and will make, every effort to ensure that the Solicitation Packages described are in final form, the Debtor, nonetheless requests authority to make non-substantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, but with the prior approval of the U.S. Trustee, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages prior to mailing.

41. The Debtor submits that it has shown good cause for implementing the proposed notice and service procedures.

**The Combined Hearing Notice**

42. The Debtor proposes to include with each Solicitation Package a Combined

15
2. 25121782.v3
Case 24-00013    Document 203    Filed 10/01/25    Page 15 of 18

Hearing Notice, substantially in the form attached to the Motion as **Exhibit A**. The Combined Hearing Notice will set forth (i) the deadline by which claimants entitled to vote must submit their ballots for accepting or rejecting the Plan (the "Ballots") to be counted (the "Voting Deadline"), (ii) the deadline for filing objections and responses to Confirmation of the Plan (the "Plan Objection Deadline"), and (iii) the time, date, and place for the Combined Hearing.

### Approving Form of Ballot

43. Bankruptcy Rule 3017(d) requires the mailing of a form of Ballot, which substantially conforms to Official Form No. 14, only to claimants entitled to vote on the Plan. The Debtor proposes to distribute to certain Claimants a Ballot substantially in the form annexed to the Motion as **Exhibit B**, which is incorporated herein by reference. The form for the Ballot is based on Official Form No. 14 but has been modified to address the particular aspects of this case and to include certain additional information that the Debtor believes is relevant and appropriate for the Voting Claimant in Class One.

### Notice of Non-Voting Status

44. If presumed to accept or reject the Plan, a notice of non-voting status, substantially in the form attached to the Motion as **Exhibit C** (the "Notice of Non-Voting Status"), will be sent to such Non-Voting Classes. In each instance, the Notice of Non-Voting Status informs the recipient of their status as a non-voting claimant.

### The Voting Deadline

45. Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan. The Debtor anticipates completing substantially all mailing of the Solicitation Packages by the Solicitation Deadline. Based on such schedule, the Debtor proposes

that, in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to the Debtor (i) by electronic mail, (ii) by first-class mail, (iii) by overnight courier, or (iv) by hand delivery, so that it is actually received by the Debtor no later than November 19, 2025 (the "Voting Deadline"). The Debtor submits that such solicitation period is a sufficient period within which Holders of Claims allowed for voting purposes can make an informed decision whether to accept or reject the Plan.

46. After the Voting Deadline, the Debtor intends to file a ballot tabulation report (a "Ballot Tabulation Report") in compliance with Local Rule 3018-1(c) by November 20, 2025.

**NOTICE**

47. The Debtor has served or will serve notice of this Motion, the deadline to file objections to the Motion, as well as the hearing to consider the Motion on all parties entitled to such notice in accordance with Bankruptcy Rule 2002. The Debtor submits that no other or further notice need be provided.

48. No previous request for the relief sought herein has been made by the Debtor to this or any other Court.

49. Based on the foregoing, the Debtor respectfully request entry of an order, substantially similar to the proposed form of order attached hereto, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated October 1, 2025                 Respectfully submitted,

/s/ *Andrew C. Helman* _____
**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
One City Center, Suite 11100
Portland, Maine 04101
Phone: (207) 619-0919
Email: andrew.helman@dentons.com

MINAKSHI V. HEMLANI
LAW OFFICES OF MINAKSHI V.
HEMLANI, P.C.
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

*Counsel for the Debtor*

# CERTIFICATE OF SERVICE

      This is to certify that I have on October 1, 2025, I caused a copy of the foregoing document to be filed with the electronic case filing system for the United States District Court for the District of Guam, Bankruptcy Division, thereby serving all parties in interest receiving service in this case through the Court's electronic filing system.

                                            */s/ Andrew C. Helman*
                                              Andrew C. Helman