**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC, [1]<br><br>    Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**SUMMARY SHEET TO SECOND INTERIM FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DENTONS AS COUNSEL TO THE DEBTOR FOR THE PERIOD OF MARCH 1, 2025, THROUGH OCTOBER 31, 2025, AND FOR RELATED RELIEF** |

| | |
|---|---|
| Name of Applicant: | Dentons |
| Authorized to Provide Professional Services as: | *Counsel to the Debtor and Debtor in Possession* |
| Petition Date: | September 12, 2024 |
| Date of Retention Order: | October 29, 2024 [Dkt. No. 110] (effective as of September 12, 2024) |
| Period for Which Compensation and Reimbursement is Sought: | March 1, 2025, through October 31, 2025, (the "Compensation Period"). |
| Disclosure of Compensation Received Before the Petition Date: | $122,374.50 [Dkt. No. 10] |

---

[1]     The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

25257031.v1

| | |
|---|---|
| Previous Amounts Awarded by the Court: | **$435,958.47** |
| Previous Amounts Received: | **$175,258.00**[2] |
| Total Amount of **Gross Fees** for Compensation Period: | **$310,516.50** |
| Total Amount of **Expenses** for Compensation Period: | **$932.39** |
| Voluntary Reduction of Fees for Compensation Period: | **($31,385.50)** |
| Total Amount of Fees Requested for Allowance on an Interim Basis: | **$279,131.00** |
| Total Amount of Compensation Requested for Allowance on an Interim Basis: | **$280,063.39** |
| Retainer held by Dentons: | **$29,055.50** [Dkt. No. 10] |

**This is a second interim Fee Application.**

---

[2] The "Previous Amounts Received" were paid pursuant to the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (the "Interim Compensation Order") [Dkt. No. 127], as further described herein.

# SUMMARY OF TIME AND EXPENSES FOR THE COMPENSATION PERIOD

### Fees by Professional and Paraprofessional

| Initials | Timekeeper | Rate | Hours | Amount |
|---|---|---|---|---|
| ACH | Andrew C. Helman | $750.00 | 81.2 | $60,900.00 |
| RDC | Ross D. Cohen | $695.00 | 8.8 | $6,116.00 |
| MM4 | Michael Maloff | $595.00 | 22.1 | $13,149.50 |
| KDS | Kyle D. Smith | $495.00 | 169.5 | $83,902.50 |
| TAL | Troy A. Lawrence | $425.00 | 144.7 | $61,497.50 |
| DKB | David K. Boydstun | $415.00 | 174.1 | $72,251.50 |
| LLM | Lucy L. McAfee | $385.00 | 19.7 | $7,584.50 |
| SH | Samantha Hayes | $300.00 | 19.6 | $5,880.00 |
| | | | Total Billed: | **$310,516.50** |
| | | | Less Voluntary Reductions: | **($31,385.50)** |
| | | **TOTALS:** | **639.7** | **$279,131.00** |

### Out-of-Pocket Expenses

| Expenses | Amount |
|---|---|
| Filing Fees | $11.00 |
| Shipping/Postage | $921.39 |
| **TOTAL:** | **$932.39** |

3

## Fees by Time Period and Category

| Category | Task Code | Hours | Amount |
|---|---|---|---|
| Case Administration | B110 | 3.1 | $1,487.50 |
| Asset Sales & Other Disposition of Assets | B130 | 58.4 | $34,359.00 |
| Adequate Protection/Relief from Stay | B140 | 0.5 | $247.50 |
| Meetings & Comms with Debtor | B150 | 1.9 | $1,425.00 |
| Court Hearings | B155 | 7.5 | $5,055.50 |
| Fee Applications | B170 | 109.1 | $47,625.00 |
| Litigation and Contested Matters | B190 | 34.8 | $18,434.50 |
| Regulatory Matters and Corporate Matters | B200 | 0.2 | $83.00 |
| Business Operations/Strategic Planning | B210 | 27.9 | $13,283.50 |
| Financial Reports (MOR/Schedules/etc.) | B211 | 26.0 | $11,633.50 |
| Real Estate | B250 | 0.4 | $166.00 |
| Claims Administration and Objections | B310 | 46.9 | $21,485.00 |
| Plan/Disclosure Statement | B320 | 323.0 | $155,231.50 |
|  |  | Total Billed: | **$310,516.50** |
|  |  | Less Voluntary Reductions: | **($31,385.50)** |
|  | **TOTALS:** | **639.7** | **$279,131.00** |

**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC, [1]<br><br>    Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**SECOND INTERIM FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF DENTONS AS COUNSEL TO THE DEBTOR FOR THE PERIOD OF MARCH 1, 2025, THROUGH OCTOBER 31, 2025, AND FOR RELATED RELIEF** |

Dentons,[2] in its capacity as counsel to Marianas Properties, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this second interim fee application (the "Fee Application") seeking an order authorizing the Debtor to pay to Dentons, on an interim basis, compensation for professional services rendered and reimbursement of expenses incurred

---

[1]     The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

[2]     Dentons refers to Dentons Group, a Swiss verein structure comprised of member firms. The partners of Dentons Bingham Greenebaum LLP ("DBG"), among others, are also partners of Dentons United States LLP, which is the U.S. Region member of Dentons Group, whose members and their respective subsidiaries, affiliates, and related entities provide legal services in different locations. Retention Application, ¶ 7.

5

for the period beginning on March 1, 2025, and ending on October 31, 2025 (the "Compensation Period").

In support of this Fee Application, Dentons states as follows:

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are sections 327(a) and 330 of chapter 11 of title of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016(a) (the "Bankruptcy Rules"), and BKLR 2016-1(a) (the "BKLR").

## BACKGROUND AND PROCEDURAL HISTORY

4. On September 12, 2024 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District Court of Guam - Bankruptcy Division (the "Court"). No trustee or examiner has been appointed in this case.

5. On September 12, 2024, The Debtor filed its *Application to Employ Dentons as Counsel for the Debtor and Debtor in Possession* [Dkt. No. 9] (the "Retention Application"). On September 19, 2024, the Court entered an interim order granting the Retention Application and authorizing the Debtor to retain Dentons as counsel effective as of September 12, 2024 [Dkt. No. 43] (the "Interim Order"). On October 29, 2024, the Court entered a final order granting the Retention Application and authorizing the Debtor to retain Dentons as counsel [Dkt. No. 110] (together with the Interim Order, the "Retention Order").

6. As set forth in the Retention Application, Dentons is authorized to render general

6

legal services to the Debtor during this case, with a focus on bankruptcy and litigation. In particular, the Debtor retained Dentons to provide, among other things, the following legal services:

- (a) Advising the Debtor with regard to the requirements of the Court, Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Office of the United States Trustee, as they pertain to the Debtor;

- (b) Advising the Debtor with regard to certain rights and remedies of the bankruptcy estate and rights, claims, and interests of creditors;

- (c) Representing the Debtor in any proceeding or hearing in the Court involving the estate, unless the Debtor is represented in such proceeding or hearing by other special counsel;

- (d) Conducting examinations of witnesses, claimants, or adverse parties, and representing the Debtor in any adversary proceeding (except to the extent that any such adversary proceeding is in an area outside of our expertise);

- (e) Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims and preparing, filing, or prosecuting any objections thereto or initiating appropriate proceedings regarding leases or contracts to be rejected or assumed;

- (f) Preparing and assisting the Debtor with the preparation of reports, applications, pleadings, motions, and orders;

- (g) Assisting in the negotiation, formulation, preparation, and confirmation of a plan of reorganization or a sale of the Debtor's assets, should that be appropriate; and

- (h) Performing any other services that may be appropriate in our representation of the Debtor in its chapter 11 case.

## COMPENSATION AND REIMBURSEMENT REQUEST

7. By this Fee Application, Dentons seeks allowance, on an interim basis, of professional fees incurred during the Compensation Period in the amount of **$279,131.00**, which includes a voluntary reduction in the amount of **$31,385.50** and reimbursement of expenses incurred during the Compensation Period in the amount of **$932.39**, for a total of **$280,063.39** (the "Compensation Period Fees").

8. Pursuant to Bankruptcy Rule 2016(a), a detailed statement of professional services provided to the Debtor by Dentons during the Compensation Period is set forth on **Exhibit A** (the "Billing Detail"), which is attached hereto and incorporated herein by reference. As required by the United States Trustee's *Appendix A – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. 330* (the "Appendix A Guidelines"), the Billing Detail contains project category task codes assigned to time entry narratives, and a summary chart for all work performed group by task code is set forth on the Summary Sheet to this Fee Application.

9. The Billing Detail reflects voluntary reductions taken by Dentons across its invoices during the Compensation Period. These voluntary reductions total **$31,385.50**.

10. It is the practice of the undersigned to review each time entry before an invoice is finalized and submitted to the Court for approval and to make specific adjustments, where necessary based on billing judgment, rather than applying any "courtesy" or lump sum discount that is not tied to or connected to review of specific time entries. As reflected in the Billing Detail, and discussed above, such adjustments have been made here, resulting in voluntary discounts totaling approximately **10%** of gross billings. In order to streamline the Court's and the United States Trustee's review of this Fee Application, significant discounts were applied to time entries under the Plan and Disclosure Statement (B320) and the Fee Applications (B170) task codes.

11. No understanding exists between Dentons and any other person for the sharing of the compensation sought by this Fee Application except within Dentons.

12. Dentons has substantial experience in such areas as restructuring law and the other matters for which it has been retained in this case. Dentons' team has counseled the Debtor in these areas since the date of the firm's retention. A brief biography of each professional who has

8
25257031.v1
Case 24-00013    Document 218    Filed 11/21/25    Page 8 of 18

rendered services in connection with the fees and expenses requested herein is set forth in **Exhibit B** to this Fee Application.[3]

13. This Fee Application is Dentons' second interim application to this Court for compensation for professional services and reimbursement of expenses pursuant to sections 328, 330, and 331 of the Bankruptcy Code; Bankruptcy Rule 2016; and BKLR 2016-1(a).

14. The Debtor was given the opportunity to review this Fee Application prior to filing, and Dentons is not aware of any objections to the requested amounts herein.

## SUMMARY OF SERVICES

15. Dentons and its professionals have served as counsel to the Debtor for the matters set forth in the Retention Application and Retention Order. The scope of work performed by Dentons focused on the specific needs of the Debtor. The Billing Detail is annotated with task codes used by Dentons to supplement the time entries generated by each professional and paraprofessional who billed time to the Debtor during the Compensation Period. There are some instances where a time entry may span more than one category, in which case billing judgment is exercised to determine which the appropriate category is.

16. Each of the following categories of service and the services subject to specific time entries in the Billing Detail were reasonable and beneficial to the Debtors at the time performed and provided by Dentons at reasonable value for the work performed. More generally, Dentons' services to the Debtor during the Compensation Period included, but were not limited to, the following:

---

[3] Exhibit B does not include a biography of support staff members whose biographies are not generally maintained on the firm's website.

A. **Case Administration – B110 [Fees – $1,487.50; Hours – 3.1]**

17. Case Administration refers to a catch-all for services provided on the matter that do not fit within another category and also includes coordination and compliance activities. In this matter, it has included, without limitation, (A) work by paralegal or support staff to ensure deadlines are properly calendared, court filings are properly served, and documents are properly filed in conformity with the Court's rules; and (B) review of certain court filings that do not easily fit in other categories.

B. **Asset Sales & Other Disposition of Assets – B130 [Fees – $34,359.00; Hours – 58.4]**

18. This task code is for time spent on matters pertaining to sales or dispositions of estate assets. Work performed under this task code during the Compensation Period included substantial review and analysis of the Debtor's sale of the Hotel.

19. The Debtor has successfully sold substantially all of its assets, chiefly its primary asset, the Pacific Star Resort & Spa (the "Hotel"). The Hotel sale was a significant and complex transaction and required the devotion of a substantial amount of time and resources. Specifically, time billed to this task code involves the time spent dealing with issues related to the sale of the Hotel and post-closing sale issues.

20. Dentons submits that (A) the services it provided regarding the sale process benefited the Debtor and creditors of the Debtor's estate and (B) the expense for such services is reasonable.

C. **Adequate Protection/Relief From Stay – B140 [Fees – $247.50; Hours – 0.5]**

21. Adequate Protection/Relief From Stay is the task code used by counsel to record time spent negotiating and responding to issues regarding relief from the automatic stay. Time billed to this task code encompasses discussions with First Hawaiian Bank regarding the Debtor's

certificate of deposit.

### D. Meetings & Communications with Debtor or Committee – B150 [Fees – $1,425.00; Hours – 1.9]

22. Meetings & Communications with Debtor is the task code used by counsel to record time spent communicating with the Debtor. These meetings and communications include (A) informal e-mail with the Debtor and the Debtor's employees, and (B) Zoom or telephone conferences with the Debtor. These communications are an essential part of Dentons' work with the Debtor and are necessary to inform the Debtor so that it may authorize counsel to proceed with a given course of action. Consequently, Dentons submits that fees incurred for meetings and communications were necessary and reasonable under the circumstances.

### E. Court Hearings – B155 [Fees – $5,055.50; Hours – 7.5]

23. Court Hearings is the task code generally used to record time spent attending court hearings, though some hearings may also be recorded under B190. There have been relatively few court hearings in this matter, and many of those that have occurred resulted in consensual outcomes thanks to productive cooperation among the various parties and their counsel. Representation of the Debtor in court is an essential function of counsel. Dentons submits that the fees incurred for this task code were reasonable and necessary under the circumstances.

### F. Fee Applications – B170 [Fees – $47,625.00; Hours – 109.1]

24. The Fee Applications task code captures time related to preparation, review, and consideration of fee applications of the Debtor's professionals, including Dentons. Fees billed in this category have included preparation of compensation applications for the Debtor's professionals. This is work that is necessary and mandated by the Bankruptcy Code's provisions requiring judicial review of professional fees. Dentons prepared fee applications for itself, the Debtor's financial advisor, and the Debtor's local bankruptcy counsel during the Compensation

Period. Significant discounts have been applied to certain time entries under this task code in accordance with the undersigned's billing judgment.

### G. **Litigation and Contested Matters – B190 [Fees – $18,434.50; Hours – 34.8]**

25. Litigation and Contested Matters is a category that is designed to capture work preparing and reviewing motions or engaging in contested matters. Generally speaking, Dentons used this task code to record time pertaining to motions practice and related matters. Without limiting the generality of the foregoing, this included (A) drafting and review of certain documents ancillary to the sale of the Hotel, (B) drafting and review or motions to extend the Debtor's exclusive periods, and (C) drafting and negotiating the Rule 9019 motion to settle the Bank of Guam's claim. Dentons submits that the fees incurred for this task code were reasonable and necessary under the circumstances.

### H. **Regulatory Matters and Corporate Matters– B200 [Fees - $83.00; Hours – 0.2]**

26. Time billed under this task code includes discussion of property tax issued related to the Hotel sale and the analysis of the same by the title company assisting with the Hotel sale.

### I. **Business Operations/Strategic Planning – B210 [Fees - $13,283.50; Hours – 27.9]**

27. The Business Operations/Strategic Planning task code includes time pertaining to various operational matters that arose during the chapter 11 case for which the Debtor required Dentons' counsel. This includes research and counsel regarding issues related to the tax consequences of the Debtor's plan of liquidation, and similar matters.

### J. **Financial Reports – B211 [Fees – $11,633.50; Hours – 26.0]**

28. The Financial Reports task code includes time pertaining to the preparation and review of monthly operating reports, weekly cash reporting, bankruptcy schedules and the like.

Reviewing these documents is necessary to fulfill the Debtor's reporting requirements as a chapter 11 debtor and in order to understand the Debtors' assets, business operations, and cash position during the case and inform strategic decision making by the Debtor and counsel.

### K. Real Estate – B250 [Fees –$166.00, Hours – 0.4]

29. Time billed under this task code includes a review of the loan release documents between the Debtor and the Bank of Guam.

### L. Claims Administration and Objections – B310 [Fees – $21,485.00; Hours – 46.9]

30. This category relates to the administration of the claim objection process and the review and resolution of claims. Thus far, this has included review of claims filed and scheduled in the chapter 11 case and the negotiation and settlement of the Bank of Guam's claim, resulting in the filing of the Debtor's rule 9019 motion to approve such settlement. Significant discounts have been applied to certain time entries under this task code in accordance with the undersigned's billing judgment.

### M. Plan/Disclosure Statement – B320 [Fees – $155,231.50; Hours – 323.0]

31. Plan/Disclosure Statement is the task code used for time entries pertaining to the formulation and drafting of the Debtor's plan and disclosure statement. This has included, without limitation, the development of the Debtor's chapter 11 plan, including legal analysis of relevant issues, and analysis related to the terms of proposed plan treatment. The plan process is a significant undertaking with many issues and moving parts. The Debtor has filed its proposed plan of liquidation, which is now set for confirmation. Significant discounts have been applied to certain time entries under this task code in accordance with the undersigned's billing judgment.

### THE REQUESTED COMPENSATION SHOULD BE ALLOWED

32. Pursuant to section 330 of the Bankruptcy Code, this Court may award

13
25257031.v1
Case 24-00013   Document 218   Filed 11/21/25   Page 13 of 18

professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). A court "may approve applications for compensation of services that were competently performed and that were actual, necessary, and beneficial to a debtor's estate." *In re Zagara's Fresh Markets, LLC*, No. 03 43017 GMB, 2006 WL 4452980, at *3 (Bankr. D.N.J. Apr. 13, 2006).

33. Section 330(a) of the Bankruptcy Code "does not create a retrospective standard where services are only compensable if they result in a material benefit to the estate." *Fann Contracting, Inc. v. Garman Turner Gordon LLP.*, 620 B.R. 141, 148 (D. Nev. 2020). "Instead, 'a professional need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered.'" *Id*. (quoting *Slater v. U.S. Trustee (In re Garcia)*, 335 B.R. 717, 724 (9th Cir. B.A.P. 2005); *see also In re Berg*, 268 B.R. 250, 260 (Bankr. D. Mont. 2001) ("The test is whether the applicant's services were necessary and beneficial to the estate, not whether the debtor's activities, in hindsight, were necessary to achieve whichever outcome occurs."). Success is not a measure of whether a service performed was actual, necessary, or beneficial to a debtor's estate, but rather a court "must conduct an objective inquiry based upon what services a reasonable professional would have performed in the same circumstances." *In re Channel Master Holdings, Inc.*, 309 B.R. 855, 861–62 (Bankr. D. Del. 2004) (quoting *In re Cenargo Int'l, PLC*, 294 B.R. 571 (Bankr. S.D.N.Y. 2003).

34. If the court finds that services were actual, necessary, and beneficial at the time they were rendered, then section 330(a) also instructs that the court must then "assess a reasonable value for those services." *In re Fleming Cos., Inc.*, 304 B.R. 85, 90 (Bankr. D. Del. 2003) (quoting *In re Gencor Industs.*, 286 B.R. 170 176–77 (Bankr. M.D. Fla. 2002); *see also In re Virissimo*, 354 B.R. 284, 291 (Bankr. D. Nev. 2006) (discussing a three-part analysis previously referenced by the Ninth Circuit, which includes an evaluation of whether "the necessary tasks [were]

performed within a reasonable amount of time and what is the reasonable value of that time?" (citing *Unsecured Creditors' Committee v. Puget Sound Plywood, Inc. (In re Puget Sound Plywood, Inc.)*, 924 F.2d 955, 957–58 (9th Cir. 1991)).

35. Section 330 sets forth the specific criteria for the award of such reasonable compensation. *See* 11 U.S.C. § 330(a)(3)(A)-(F). In evaluating the amount of reasonable compensation to be awarded, a court should consider:

> the nature, the extent, and the value of such services, taking into account all relevant factors including:
>
> A. the time spent on such services;
> B. the rates charged for such services;
> C. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> D. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> E. with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> F. whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §§ 330(a)(3)(A–F). "In the Ninth Circuit, the customary method for determining the reasonableness of attorney's fees is the 'lodestar' calculation," which is "calculated by multiplying the number of hours . . . reasonably expended . . . by a reasonable hourly rate." *In re Parreira*, 464 B.R. 410, 416 (Bankr. E.D. Cal. 2012) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "A compensation award based on a reasonably hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." *Burgess v. Klenske (In re Manoa Fin. Comp., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988).

36. As reflected by the time entries in **Exhibit A**, the services rendered by Dentons

were performed economically, effectively, and efficiently, and the work conducted by Dentons was assigned to appropriate professionals according to the experience and level of expertise required for each particular task. Whenever possible and where appropriate, Dentons sought to minimize the costs of its services by utilizing professionals with lower billing rates. Further, Dentons has exercised billing judgment and made reductions or adjustments as appropriate (in many—but not all—cases, indicated as "DISCOUNT X%" or with a parenthetical in the applicable invoice).

37. In sum, the services rendered by Dentons were necessary and beneficial to the Debtor and such services were consistently performed in a timely manner, commensurate with the complexity and the nature of the issues involved. Accordingly, approval of compensation sought herein is warranted.

## ACTUAL AND NECESSARY EXPENSES SHOULD BE ALLOWED

38. All of the expenses for which reimbursement is requested are expenses which: (i) Dentons customarily recoups from all of its clients; (ii) were incurred or billed during the Compensation Period; and (iii) were necessarily incurred in connection with this case. Dentons will not profit from the reimbursement of any expense.

## NOTICE

39. Notice of this Fee Application and all related papers will be served on the following parties on the date and manner set forth in the certificate of service related to this Fee Application: (a) the U.S. Trustee; and (b) all parties in this case receiving service through the Court's CM/ECF electronic filing system. Further, notice the hearing with respect to this Fee Application will be given to all parties entitled to notice under Bankruptcy Rule 2002(a). Dentons will serve any other parties as directed by the Court and requests that the Court limit notice in this instance to the extent

the Court deems appropriate. *See* Fed. R. Bankr. P. 2002(m).

## CONCLUSION

Based on the foregoing, Dentons respectfully requests that the Court enter an order (A) approving this Fee Application on the terms requested in the proposed order filed herewith; and (B) providing any such other and further relief as this Court deems just and proper.

Dated: November 21, 2025                    Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

 */s/ Minakshi V. Hemlani*
**MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

 */s/ Andrew C. Helman*
**ANDREW C. HELMAN**

*Counsel to the Debtor Marianas Properties, LLC*

## CERTIFICATE OF SERVICE

      I, Andrew C. Helman, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on (a) the U.S. Trustee; and (b) all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Date: November 21, 2025
                                          */s/ Andrew C. Helman*
                                          ANDREW C. HELMAN (admitted *pro hac vice*)
                                          DENTONS BINGHAM GREENEBAUM LLP
                                          One City Center, Suite 11100
                                          Portland, ME 04101
                                          Telephone: (207) 619-0919
                                          Email: *andrew.helman@dentons.com*