**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re | Case No. 24-00013 |
| MARIANAS PROPERTIES, LLC, [1] | Chapter 11 |
| Debtor. | **SUMMARY SHEET TO FIRST INTERIM FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF LAW OFFICES OF MINAKSHI V. HEMLANI, P.C. AS LOCAL COUNSEL TO THE DEBTOR FOR THE PERIOD OF SEPTEMBER 12, 2024, THROUGH JUNE 30, 2025, AND FOR RELATED RELIEF** |

| | |
|---|---|
| Name of Applicant: | Law Offices of Minakshi V. Hemlani, P.C. |
| Authorized to Provide Professional Services as: | *Counsel to the Debtor and Debtor in Possession* |
| Petition Date: | September 12, 2024 |
| Date of Retention Order: | November 18, 2024 [Dkt. No. 120] (effective as of September 12, 2024) |

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

25257070.v1

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | September 12, 2024, through June 30, 2025, (the "Compensation Period"). |
| Disclosure of Compensation Received Before the Petition Date: | $18,018.49 [Dkt. No. 12] |
| Previous Amounts Awarded by the Court: | $ 0.00 |
| Previous Amounts Received: | $ 0.00 |
| Total Amount of **Fees** for Compensation Period: | **$32,256.50** |
| Total Amount of Reimbursement for **GRT** Requested for Compensation Period: | **$1,621.10** |
| Total Amount of Reimbursement for **Expenses** Requested for Compensation Period: | **$133.10** |
| Total Amount of Compensation Requested for Allowance on an Interim Basis: | **$34,010.70** |
| Retainer held by the Law Offices of Minakshi V. Hemlani P.C.: | **$35,000.00** [Dkt. No. 12] |

**This is an interim Fee Application.**

2

25257070.v1

Case 24-00013   Document 219   Filed 11/21/25   Page 2 of 14

# SUMMARY OF TIME AND EXPENSES FOR THE COMPENSATION PERIOD

## Compensation by Professional and Paraprofessional

| Initials | Timekeeper | Rate | Hours | Amount |
|---|---|---|---|---|
| MVH | Minakshi V. Hemlani | $350.00 | 42.7 | $14,935.00 |
| MVH | Minakshi V. Hemlani | $335.00 | 50.7 | $16,984.50 |
| YHU | Yusuke Haffeman-Udagawa | $335.00[2] | 1.5 | $502.50 |
| | | | | |
| | | | Total Billed: | $34,422.00 |
| | | | GRT (5%) | $1,621.10 |
| | | | | |
| | | | **TOTALS:** **94.9** | **$34,176.20** |

## Out-of-Pocket Expenses

| **Expense** | **Amount** |
|---|---|
| Postage | $38.50 |
| Filing Fees | $94.60 |
| **TOTAL:** | **$133.10** |

---

[2] Yusuke Haffeman-Udagawa's hourly rate in the attached invoices is $225.00, and he billed a total of 1.5 hours across the entirety of this chapter 11 case. Ms. Hemlani reissued invoices in December of 2024 at the request of the U.S. Trustee, in order to comply with the requirements of BKLR 2016-1(a)(1)(A) that attorneys record time in increments not greater than a tenth of an hour. During the reissue of invoices, Mr. Haffeman-Udagawa's single time entry of 1.5 hours was inadvertently billed at Ms. Hemlani's hourly rate of $335.00, resulting in a discrepancy of $165.50. As a result, Ms. Hemlani has agreed to waive the fees associated with this $165.50 overage.

3

**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re | Case No. 24-00013 |
| MARIANAS PROPERTIES, LLC, [1] | Chapter 11 |
| Debtor. | **FIRST INTERIM FEE APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF MINAKSHI V. HEMLANI P.C. AS LOCAL COUNSEL TO THE DEBTOR FOR THE PERIOD OF SEPTEMBER 12, 2024, THROUGH JUNE 30, 2025, AND FOR RELATED RELIEF** |

The Law Offices of Minakshi V. Hemlani, P.C., ("Hemlani"), in its capacity as local counsel to Marianas Properties, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), hereby submits this first interim fee application (the "Fee Application") seeking an order authorizing the Debtor to pay to Hemlani, on an interim basis, compensation for professional services rendered and reimbursement of expenses incurred for the period beginning on September 12, 2024, and ending on June 30, 2025 (the "Compensation Period").

---

[1]  The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

4

25257070.v1

In support of this Fee Application, Hemlani states as follows:

**JURISDICTION, VENUE, AND PREDICATES FOR RELIEF**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief sought herein are sections 327(a) and 330 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rule of Bankruptcy Procedure 2016(a) (the "Bankruptcy Rules"), and BKLR 2016-1(a) (the "BKLR").

**BACKGROUND AND PROCEDURAL HISTORY**

4. On September 12, 2024 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case by filing a voluntary petition for relief in the United States District Court for the District of of Guam (the "Court"). No trustee or examiner has been appointed in this case.

5. On September 12, 2024, the Debtor filed its *Application to Employ the Law Offices of Minakshi V. Hemlani, P.C. as Local Counsel for the Debtor and Debtor in Possession* [Dkt. No. 11] (the "Retention Application"). On September 19, 2024, the Court entered an interim order granting the Retention Application and authorizing the Debtor to retain Hemlani as local counsel effective as of September 12, 2024 [Dkt. No. 42] (the "Interim Order"). On November 18, 2024, the Court entered a final order granting the Retention Application and authorizing the Debtor to retain Hemlani as local counsel [Dkt. No. 120] (together with the Interim Order, the "Retention Order").

6. As set forth in the Retention Application, Hemlani was authorized to render general legal services to the Debtor during this chapter 11 case to the extent necessary. In particular, the Debtor retained Hemlani to provide, among other things, the following legal services:

5

25257070.v1

(a) Advising the Debtor with regard to the requirements of the Court, Bankruptcy Code, Bankruptcy Rules, Local Rules, and the Office of the United States Trustee, as they pertain to the Debtor;

(b) Advising the Debtor with regard to certain rights and remedies of the bankruptcy estate and rights, claims, and interests of creditors and bringing such claims as the Debtor, in its business judgment, chooses to pursue;

(c) Representing the Debtor in any proceeding or hearing in the Court involving the estate, unless the Debtor is represented in such proceeding or hearing by other special counsel;

(d) Conducting examinations of witnesses, claimants, or adverse parties, and representing the Debtor in any adversary proceeding (except to the extent that any such adversary proceeding is in an area outside of Hemlani's expertise);

(e) Reviewing and analyzing various claims of the Debtor's creditors and treatment of such claims and preparing, filing, or prosecuting any objections thereto or initiating appropriate proceedings regarding leases or contracts to be rejected or assumed;

(f) Preparing and assisting the Debtor with the preparation of reports, applications, pleadings, motions, and orders, as well as assisting with respect to bankruptcy schedules and statements;

(g) Assisting in the negotiation, formulation, preparation, and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in connection with the plan of reorganization or a sale of the Debtor's assets, should that be appropriate; and

(h) Performing any other services that may be appropriate in Hemlani's representation of the Debtor in the case.

**COMPENSATION AND REIMBURSEMENT REQUEST**

7. By this Fee Application, Hemlani seeks allowance, on an interim basis, of professional fees incurred during the Compensation Period in the amount of **$32,256.50**, reimbursement for GRT in the amount of **$1,621.10**, and reimbursement of expenses incurred during the Compensation Period in the amount of **$133.10**, for a total of **$34,010.70** (the "Compensation Period Fees").

8. Pursuant to Bankruptcy Rule 2016(a), a detailed statement of professional services

provided to the Debtor by Hemlani during the Compensation Period is set forth on **Exhibit A** (the "Billing Detail"), which is attached hereto and incorporated herein by reference. Given that Hemlani does not typically provide bankruptcy services nor file fee applications, Hemlani's billing software is not equipped to generate task codes based on project category. In light of Hemlani's role as local counsel to the Debtor, Hemlani requests that the Court consider this Fee Application despite the omission of task codes from the Billing Detail.

9. It is the practice of the undersigned to review each time entry before an invoice is finalized and submitted to the Court for approval and to make specific adjustments, based on billing judgment, rather than applying any "courtesy" or lump sum discount that is not tied to or connected to review of specific time entries. The original invoices for the September through December of 2024 were reissued to comply with BKLR 2016-1(a)(1)(A) incorporating Appendix A - Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. 330. When reissuing the invoices, Hemlani calculated Yusuke Haffeman-Udagawa's sole time entry at her hourly rate of $335.00, rather than the applicable rate of $225.00. Hemlani has reduced the fees sought by this Fee Application accordingly.

10. No understanding exists between Hemlani and any other person for the sharing of the compensation sought by this Fee Application.

11. Hemlani has substantial experience in such areas as business law and the other matters for which it has been retained in this case. Hemlani's team has counseled the Debtor in these areas since the date of the firm's retention.

12. This Fee Application is Hemlani's first interim application to this Court for compensation for professional services and reimbursement of expenses pursuant to sections 328, 330, and 331 of the Bankruptcy Code; Bankruptcy Rule 2016; and BKLR 2016-1(a).

13. The Debtor was given the opportunity to review this Fee Application prior to filing, and Hemlani is not aware of any objections to the requested amounts herein.

## SUMMARY OF SERVICES

14. Hemlani has served as local counsel to the Debtor for the matters set forth in the Retention Application and Retention Order. The scope of work performed by Hemlani focused on the specific needs of the Debtor. The Billing Detail is annotated with the initials of attorneys of Hemlani, which correspond to each attorney who billed time to the Debtor's case during the Compensation Period.

15. Each of the services subject to specific time entries in the Billing Detail were reasonably likely to be beneficial to the Debtor at the time performed and provided the Debtor reasonable value for the work performed.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

16. Section 331 of the Bankruptcy Code provides for the interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. *See* 11 U.S.C. § 331.

17. Pursuant to section 330 of the Bankruptcy Code, this Court may award professionals "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). A court "may approve applications for compensation of services that were competently performed and that were actual, necessary, and beneficial to a debtor's estate." *In re Zagara's Fresh Mkts., LLC*, No. 03 43017 GMB, 2006 WL 4452980, at *3 (Bankr. D.N.J. Apr. 13, 2006).

18. Section 330(a) of the Bankruptcy Code "does not create a retrospective standard where services are only compensable if they result in a material benefit to the estate." *Fann Cont., Inc. v. Garman Turner Gordon LLP.*, 620 B.R. 141, 148 (D. Nev. 2020). "Instead, 'a professional

8
25257070.v1
Case 24-00013 Document 219 Filed 11/21/25 Page 8 of 14

need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered.'" *Id*. (quoting *Slater v. U.S. Tr. (In re Garcia)*, 335 B.R. 717, 724 (9th Cir. B.A.P. 2005); *see also In re Berg*, 268 B.R. 250, 260 (Bankr. D. Mont. 2001) ("The test is whether the applicant's services were necessary and beneficial to the estate, not whether the debtor's activities, in hindsight, were necessary to achieve whichever outcome occurs."). Success is not a measure of whether a service performed was actual, necessary, or beneficial to a debtor's estate, but rather a court "must conduct an objective inquiry based upon what services a reasonable professional would have performed in the same circumstances."

19. If the Court finds that services were actual, necessary, and beneficial at the time they were rendered, then section 330(a) also instructs that the court must then "assess a reasonable value for those services." *In re Fleming Cos., Inc.*, 304 B.R. 85, 90 (Bankr. D. Del. 2003) (quoting *In re Gencor Indus., Inc.*, 286 B.R. 170, 176–77 (Bankr. M.D. Fla. 2002); *see also In re Virissimo*, 354 B.R. 284, 291 (Bankr. D. Nev. 2006) (discussing a three-part analysis previous referenced by the Ninth Circuit, which includes an evaluation of whether "the necessary tasks [were] performed within a reasonable amount of time and what is the reasonable value of that time?" (citing *Unsecured Creditors' Comm. v. Puget Sound Plywood, Inc. (In re Puget Sound Plywood, Inc.)*, 924 F.2d 955, 957–58 (9th Cir. 1991)).

20. Section 330 sets forth the specific criteria for the award of such reasonable compensation. *See* 11 U.S.C. § 330(a)(3)(A)-(F). In evaluating the amount of reasonable compensation to be awarded, a court should consider:

> the nature, the extent, and the value of such services, taking into account all relevant factors including:
>
>     A.    the time spent on such services;
>     B.    the rates charged for such services;
>     C.    whether the services were necessary to the administration of, or

9

|   | beneficial at the time at which the service was rendered toward the completion of, a case under this title; |
| --- | --- |
| D. | whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; |
| E. | with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and |
| F. | whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. |

11 U.S.C. §§ 330(a)(3)(A–F).

21. "In the Ninth Circuit, the customary method for determining the reasonableness of attorney's fees is the 'lodestar' calculation," which is "calculated by multiplying the number of hours . . . reasonably expended . . . by a reasonable hourly rate." *In re Parreira*, 464 B.R. 410, 416 (Bankr. E.D. Cal. 2012) (citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). "A compensation award based on a reasonable hourly rate multiplied by the number of hours actually and reasonably expended is presumptively a reasonable fee." *Burgess v. Klenske (In re Manoa Fin. Comp., Inc.)*, 853 F.2d 687, 691 (9th Cir. 1988).

22. With regard to this Fee Application, Hemlani sets forth the following in support of the relief requested:

   a. *Novelty and Complexity of the Issues*: Chapter 11 bankruptcy cases are rare in Guam. This case also involved a sale of substantially all of Debtor's assets, chiefly its primary asset, the Pacific Star Resort & Spa (the "Hotel"). The Hotel sale was a significant and complex transaction.

   b. *Special Skill and Experience of Counsel*: Hemlani has significant experience handling business issues, and has drawn on its experience, judgment, and expertise in providing services to the Debtor. Hemlani has coordinated closely

with outside counsel to prepare and file documents in the chapter 11 case. Additionally, Hemlani was instrumental in the sale of the Hotel and attended meetings with the Debtor, property appraisers, and potential buyers.

c. *Quality of Representation*: Hemlani has provided high quality representation to the Debtor, which has facilitated the quick and orderly administration of this case as well as the sale of the Hotel.

d. *Results Obtained*: Hemlani, alongside the Debtor's other counsel, has assisted the Debtor with navigating the unique challenges presented by the sale of Debtor's assets as well as the challenges posed by the chapter 11 case. The Court entered an *Order Granting Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto* [Dkt. No. 167], and the sale of the Hotel closed on April 3, 2025. The Debtor filed its chapter 11 plan of liquidation on September 25, 2025.

23. Hemlani respectfully requests allowance of the compensation sought through this Fee Application. Hemlani's fee award is justified based upon the services that Hemlani's attorneys have provided to the Debtor and the progress that the Debtor has made by resolving significant issues through its chapter 11 case.

24. In sum, the services rendered by Hemlani were necessary and beneficial to the Debtor and such services were consistently performed in a timely manner, commensurate with the complexity and the nature of the issues involved. Accordingly, approval of the compensation sought herein is warranted.

## ACTUAL AND NECESSARY EXPENSES SHOULD BE ALLOWED

25. All of the expenses for which reimbursement is requested are expenses which: (i) Hemlani customarily recoups from all of its clients; (ii) were incurred or billed during the Compensation Period; and (iii) were necessarily incurred in connection with this chapter 11 case. Hemlani will not profit from the reimbursement of any expense.

## NOTICE

26. Notice of this Fee Application and all related papers will be served on the following parties on the date and manner set forth in the certificate of service related to this Fee Application: (a) the U.S. Trustee; and (b) all parties in this case receiving service through the Court's CM/ECF electronic filing system. Hemlani will serve any other parties as directed by the Court and requests that the Court limit notice in this instance to the extent the Court deems appropriate. *See* Fed. R. Bankr. P. 2002(m).

## CONCLUSION

27. Based on the foregoing, Hemlani respectfully requests that the Court enter an order (A) approving this Fee Application on the terms requested in the proposed order filed herewith; and (B) providing any such other and further relief as this Court deems just and proper.

Dated: November 21, 2025                Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

*/s/ Minakshi V. Hemlani*
**MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

*/s/ Andrew C. Helman*
**ANDREW C. HELMAN**

*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

      I, Minakshi V. Hemlani, an individual eighteen years of age or older, hereby certify that on the date set forth below, I caused the foregoing document to be served on (a) the U.S. Trustee; and (b) all parties receiving notice and service in this case through the Court's CM/ECF electronic filing service, which served the same on the parties receiving notice via the CM/ECF system.

Dated: November 21, 2025          Respectfully submitted,

**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

 */s/ Minakshi V. Hemlani*
   **MINAKSHI V. HEMLANI**

**DENTONS BINGHAM GREENEBAUM LLP**

 */s/ Andrew C. Helman*
   **ANDREW C. HELMAN**

*Counsel for the Debtor*