**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

**IN THE DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**
**BANKRUPTCY DIVISION**

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC[1]<br><br>    Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE SECOND REVISED PLAN OF LIQUIDATION OF MARIANAS PROPERTIES, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** |

       Marianas Properties, LLC (the "Debtor"), hereby submits this memorandum of law (the "Memorandum") in support of confirmation of the *Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 225] (the "Plan"). The Plan, as discussed more fully herein, meets all applicable requirements for confirmation of a plan pursuant to section 1129 of title 11 of the United States Code (the "Bankruptcy Code"). In further support of confirmation of the Plan, the Debtor respectfully states as follows:

---

[1]     The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 627b Pale San Vitores Road, Tumon, Guam 96913.

1

24786509.v4

## PRELIMINARY STATEMENT

1. The cornerstone achievement of this successful chapter 11 case has been the sale of the Debtor's business assets and the full and final satisfaction of the Bank of Guam's ("BOG") secured claims against the Debtor under a consensual and Court-approved settlement. Since these successes, the Debtor has continued the process of orderly liquidating and winding down its affairs, and now presents the Plan for confirmation as a crucial capstone of this chapter 11 case. The Plan enjoys support from the Debtors' creditors and satisfies all elements necessary for confirmation. Moreover, no objections to confirmation were filed by the deadline for parties in interest to do so. Thus, the Plan is unopposed and satisfies all prerequisites for confirmation under the Bankruptcy Code. Accordingly, the Debtor respectfully requests that the Court enter an order confirming the Plan.

## BACKGROUND

2. On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A more detailed description of the Debtor's business, capital structure, and the circumstances leading to these chapter 11 filings is set forth in the *Second Revised Disclosure Statement for the Plan of Liquidation of Marianas Properties, LLC under Chapter 11 of the Bankruptcy Code* [Dkt. No. 226] (the "Disclosure Statement"), which will be filed contemporaneously with this Memorandum, and the *Declaration of Ajay Pothen in Support of the Plan of Liquidation of Marianas Properties, LLC under Chapter 11 of the Bankruptcy Code* (the "Pothen Declaration"), which is forthcoming and will be filed prior to a hearing on confirmation of the Plan.

3. On September 16, 2024, the Court entered the Notice of Chapter 11 Bankruptcy Case [Dkt. No. 37] (the "Bankruptcy Notice"). The Bankruptcy Notice established January 14,

2

24786509.v4
Case 24-00013   Document 227   Filed 12/03/25   Page 2 of 15

2025 as the deadline for any party-in-interest other than Governmental Units (as defined by section 101(27) of the Bankruptcy Code) and certain other limited exceptions to file a proof of claim (the "General Bar Date") and (ii) March 11, 2025 as the deadline for any Governmental Units to file a proof of claim (the "Governmental Bar Date" and together with the General Bar Date, the "Bar Dates").

4. On October 10, 2024, the Debtor filed its *Schedules of Assets and Liabilities and Statements of Financial Affairs* (collectively, the "Schedules") with the Court. *See* [Dkt. Nos. 72-79]. Among other things, the Schedules identify all known creditors of the Debtor as of the Petition Date.

5. On February 17, 2025, the Debtor filed the *Debtor's Motion for Authority to Sell Certain Assets of Marianas Properties, LLC to Assume and Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses In Relation Thereto* [Dkt. No. 145] (the "Sale Motion") seeking to sell substantially all of the Debtor's assets in accordance with certain procedures set forth in the Sale Motion. On March 13, 2025, the Court entered the *Order Granting the Motion for Authority to Sell Certain Assets of Marianas Properties, LLC, to Assign Certain Unexpired Leases and Executory Contracts, and to Assign Permits and Licenses in Relation Thereto* [Dkt. No. 167] (the "Sale Order") granting the Sale Motion.

6. The Sale Order authorized the Debtor to sell substantially all of its assets to Cartium Enterprise Guam, LLC, as assignee of Eastern Contractors Corporation (together, the "Buyer"), for a purchase price of $33,000,000.00 (the "Purchase Price") and under the terms set forth in the Sale Order and the Asset Purchase Agreement by and among the Debtor and the Buyer (the "APA").

3
24786509.v4
Case 24-00013   Document 227   Filed 12/03/25   Page 3 of 15

7. On May 20, 2025, Debtor filed a *Motion to Approve Compromise under Rule 9019* [Dkt. No. 188] (the "Compromise Motion") requesting the Court authorize the Debtor satisfy Bank of Guam's ("BOG") claim for $32,503,544.87, representing the amount of BOG's secured claims against the Debtor as of Aril 24, 2025. The Court entered an order granting the Debtor's motion on June 4, 2025 [Dkt. No. 188] (the "Compromise Order").

8. On October 16, 2025, the Court entered the *Order Granting the Debtor's Motion for an Order (I) Conditionally Approving the Revised Disclosure Statement for the Revised Chapter 1 Plan of Liquidation; (II) Scheduling a Combined Hearing on the Revised Plan and Revised Disclosure Statement; and (III) Approving Procedures for Solicitation and Voting, Including Dates, Deadlines, and Notices Related to Confirmation of the Revised Plan; and (IV) Granting Related Relief* [Docket No. 211] (the "Conditional Approval Order").

9. Among other things, the Conditional Approval Order fixed certain dates and deadlines in connection with confirmation of the Plan. Pursuant to the Conditional Approval Order, the deadline for parties in interest to file and serve written objections to confirmation of the Plan is November 26, 2025 (the "Objection Deadline"). A hearing on confirmation of the Plan will be held on December 12, 2025 at 8:00 a.m. (CHST) (the "Confirmation Hearing")

10. On November 20, 2025, the Debtor filed the *Summary Ballot Report and Certification* [Dkt. No. 217] (the "Ballot Report") showing that BOG, which is the only creditor entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code, voted in favor of confirmation of the Plan. Holders of claims and interests in other classes are unimpaired and not entitled to vote on the Plan.

11. On December 3, contemporaneously with the filing of this Memorandum, the Debtor filed the *Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter*

11 of the Bankruptcy Code [Dkt. No. 225] (the "Plan"), which revised prior versions of the plan filed by the Debtor.

# ARGUMENT

12. Having conducted this case within the framework of chapter 11 of the Bankruptcy Code, the Debtor must now finalize the wind-down of its affairs by achieving confirmation of the Plan, which is the ultimate goal of a chapter 11 case. *Bank of Am. Nat'l Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 465 n.4 (1999) ("Confirmation of a plan . . . is the statutory goal of every chapter 11 case.").

**A. The Plan Complies with the Applicable Provisions of the Bankruptcy Code in Satisfaction of section 1129(a)(1) of the Bankruptcy Code.**

13. "Section 1129(a) of the Code provides that the bankruptcy court shall confirm a plan only if the plan complies with the applicable provisions of chapter 11." *In re Com. W. Fin. Corp.*, 761 F.2d 1329, 1338 (9th Cir. 1985); 11 U.S.C. § 1129(a)(1). The phrase "applicable provisions" is commonly interpreted to mean sections 1122 and 1123 of the Bankruptcy Code, which govern, respectively, the classification of claims and interests and the contents of a plan of reorganization. *See Kane v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 843 F.2d 636, 648-9 (2d. Cir. 1988) (discussing that the legislative history of § 1129(a)(1) suggests that Congress intended the phrase "applicable provisions" to mean provisions of chapter 11 that concern the form and content of reorganization plans); *see also In re Sentinel Management Group, Inc.*, 398 B.R. 281, 292 (Bankr. N.D. Ill. 2008) (stating that section 1129(a)(1) is "aimed at compliance with 11 U.S.C. §§ 1122 and 1123").

14. In this case, the Plan satisfies section 1122 of the Bankruptcy Code because the Plan places all of the creditors with substantially similar claims and equity interests in the same classes. *See* 11 U.S.C. § 1122(a).

5

24786509.v4

Case 24-00013    Document 227    Filed 12/03/25    Page 5 of 15

15. The Plan also satisfies the requirements of section 1123 of the Bankruptcy Code because the Plan properly classifies each of the claims against the estate, specifies the treatment of each class of claims in detail, and characterizes the classes as either impaired or unimpaired. *See* 11 U.S.C. § 1123(a)(1)-(3).

16. Moreover, the claims within each class are treated in an identical manner. *See* 11 U.S.C. § 1123(a)(4).

17. Section 1123(a)(5) is satisfied because the Plan provides for the Debtor to retain its property to administer and implement the Plan following its confirmation, including making payments to creditors under the terms of the Plan. *See* 11 U.S.C. § 1123(a)(5)(A). Accordingly, the Plan complies with the applicable provisions under sections 1122 and 1123, and, therefore, the Plan satisfies the requirements of section 1129(a)(1).

18. Further, section 1123(b) of the Bankruptcy Code contains five permissive provisions that may appear in a plan. The Plan complies with this section as well. Section 1123(b)(1) of the Bankruptcy Code provides that a plan may impair or leave unimpaired any class of claims, whether secured or unsecured. The Plan includes both impaired and unimpaired classes.

19. Section 1123(b)(2) specifies that, subject to section 365 of the Bankruptcy Code, a plan may provide for the assumption, rejection, or assignment of any executory contract or unexpired lease not previously rejected. Article VI of the Plan reflects the Debtor's rejection of executory contracts and leases consistent with section 365 of the Bankruptcy Code under the Sale Order and Asset Purchase Agreement.

20. Section 1123(b)(5) specifies that a plan may "modify the rights of holders of secured claims . . . or holders of unsecured claims, or leave unaffected the rights of holders of any class of claims." As further described in the Disclosure Statement and Plan, the Plan modifies the

6

24786509.v4
Case 24-00013   Document 227   Filed 12/03/25   Page 6 of 15

rights of certain holders of secured claim and unsecured claims as necessary for implementation of the Plan or agreed to between the Debtor and such holders, and leaves the rights of holders of other claims unaffected.

**B.      The Debtor Complies with the Applicable Provisions of the Bankruptcy Code in Satisfaction of section 1129(a)(2) of the Bankruptcy Code.**

21.    Section 1129(a)(2) requires that a plan proponent must comply with "applicable provisions" of the Bankruptcy Code, which is generally understood to encompass the disclosure and solicitation requirements contained in sections 1125 and 1126 of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(2); *In re Islet Scis., Inc.*, 640 B.R. 425, 459 (Bankr. D. Nev. 2022) ("The legislative history of the section indicates that Congress was concerned 'that the proponent of the plan comply with the applicable provisions of title 11, such as . . . the disclosure and solicitation requirements of [S]ections 1125 and 1126.'"); *In re Michelson*, 141 B.R. 715, 719 (Bankr. E.D. Cal. 1992) ("Reassessing the adequacy of disclosure from the vantage of the confirmation hearing is an efficient safeguard of the integrity of the reorganization process").

22.    Here, the Debtor complied with the "applicable provisions" of the Bankruptcy Code, including sections 1125 and 1126. Through entry of the Conditional Approval Order, the Bankruptcy Court conditionally approved the Disclosure Statement as containing adequate information as required under section 1125(b) of the Bankruptcy Code. The Debtor has also complied with the requirements for determining acceptance or rejection of the Plan set forth in section 1126, and, therefore, the requirements of section 1129(a)(2) are satisfied.

**C.      The Debtor has Proposed the Plan in Good Faith and Not by Any Means Forbidden by Law in Satisfaction of section 1129(a)(3) of the Bankruptcy Code.**

23.    Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). Courts determine the good faith of a proposed reorganization plan "by the extent to which 'it achieves a result consistent

7

24786509.v4

Case 24-00013    Document 227    Filed 12/03/25    Page 7 of 15

with the objectives and purposes of the Code.'" *Hohn v. Gay*, No. CV-08-0372-PHX-ROS, 2009 WL 886842, at *2 (D. Ariz. Mar. 31, 2009) (quoting *In re Sylmar Plaza, L.P.*, 314 F.3d 1070, 1074 (9th Cir. 2002)). Good faith is determined by the "totality of the circumstances . . . taking into consideration (1) whether the debtor misrepresented facts, unfairly manipulated the Bankruptcy Code or otherwise proposed the plan in an inequitable manner; (2) the history of the debtor's filings and dismissals; (3) whether the debtor intended only to defeat state court litigation; and (4) whether the debtor's behavior was egregious." *In re Welsh*, 465 B.R. 843, 851 (B.A.P. 9th Cir. 2012), aff'd, 711 F.3d 1120 (9th Cir. 2013); *In re Hamilton*, 803 F. App'x 123, 126 (9th Cir. 2020) ("The good-faith determination is based on the totality of the circumstances.").

24. The Debtor will show, through the written testimony of Mr. Pothen and other evidence that may be submitted at the Confirmation Hearing, that it proposed the Plan in good faith and for the legitimate purposes of winding down the Debtor's estate and distributing the assets of the estate in accordance with the priority scheme set forth in the Bankruptcy Code, thereby maximizing the returns available to holders of claims and interests who would have received less recovery in a chapter 7 liquidation. The Debtor has not misrepresented facts, has no history of filing and dismissing bankruptcy cases, did not file the instant Plan to defeat state court litigation, and has not acted egregiously in any way.

25. Accordingly, the Plan has been filed in good faith and the requirements of section 1129(a)(3) are satisfied.

**D. The Plan Provides that Payments for Services in Connection with the Case are Subject to Court Approval, and therefore Complies with Section 1129(a)(4) of the <u>Bankruptcy Code</u>.**

26. Section 1129(a)(4) of the Bankruptcy Code provides that a court may confirm a plan only if "[a]ny payment made or to be made by the proponent, by the debtor, or by a person

issuing securities or acquiring property under the plan, for services or for costs in connection with the case, or in connection with plan and incident to the case, has been approved by, or is subject to the approval of, the Court as reasonable." This section is construed to require that all payments of professional fees made from assets of a debtor's estate must be subject to bankruptcy court review and approval as to their reasonableness. *See In re Beyond.com Corp.*, 289 B.R. 138, 143 (Bankr. N.D. Cal. 2003) (Section 1129(a)(4) (requiring "payments for services in connection with the case be approved by the court as reasonable.")).

27. The Plan does not alter the ordinary course of professional compensation under the Bankruptcy Code, which requires that professional fees and expenses are subject to review for reasonableness. Section 3.2 of the Plan provides that all professionals seeking approval of fees and expenses, which includes compensation for services rendered or reimbursement of expenses incurred through the Confirmation Date, must file final fee applications within 30 days after the Effective Date. Those fee applications are subject to review and approval by this Court. Accordingly, the Plan fulfills the requirements of section 1129(a)(4) of the Bankruptcy Code.

E. **The Plan Discloses that Existing Management Will Serve in Limited Roles Post-Confirmation and Complies with Section 1129(a)(5) of the Bankruptcy Code.**

28. Section 1129(a)(5) of the Bankruptcy Code requires that a plan proponent disclose the identity and affiliation of any individual proposed to serve as an officer, director, or voting trustee of the debtor and that such appointment or continuance be consistent with the interests of creditors and equity security holders and with public policy. 11 U.S.C. § 1129(a)(5). A proponent must also disclose the identity of any insider who will be employed and the nature of any compensation to be paid to such insider.

29. Section 12.6 of the Plan discloses that the Debtor's existing management will continue to serve in limited roles after confirmation of the Plan. Otherwise, the Debtor does not

intend to employ any individuals as managers, directors, or officers of the Debtor. The Debtor does not intend to provide compensation to existing management following the Effective Date. Based on the foregoing, the Plan complies with the requirements set forth in section 1129(a)(5) of the Bankruptcy Code.

**F.      Section 1129(a)(6) is Not Applicable to the Debtor.**

30.     Section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Debtor because the Debtor does not charge rates set within the jurisdiction of any regulatory commission.

**G.      The Plan Meets the Best Interests of Creditors and Complies with Section 1129(a)(7) of the Bankruptcy Code.**

31.     Section 1129(a)(7) of the Bankruptcy Code provides that a court may confirm a plan only if the plan meets the "best interests of creditors" test. 11 U.S.C. § 1129(a)(7). The "best interests" test requires that each holder of a claim or interest of an impaired class either (i) accept the plan or (ii) receive or retain at least as much as it would receive in liquidation." *In re Consol. Water Utilities, Inc.*, 217 B.R. 588, 592 (B.A.P. 9th Cir. 1998). The best interest of creditors test is satisfied by a liquidation analysis demonstrating that an impaired class will receive no less under the plan than under a hypothetical chapter 7 liquidation. *See In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 251 (Bankr. S.D.N.Y. 2007) (holding that § 1129(a)(7) was satisfied when impaired holder of claim would receive "no less than such holder would receive in a hypothetical chapter 7 liquidation").

32.     The "best interests" test does not apply to the holders of Claims or Interests in Classes Two (SBA Secured Claim), Three (Priority Tax Claims), Four (Priority Non-Tax Claims), Five (General Unsecured Claims), Six (Subordinated Intercompany Claims), or Seven (Interests) as they are unimpaired and, therefore, are presumed to have accepted the Plan. Claims in Class One (BOG Secured Claim) have been satisfied through a settlement with the Debtor, and therefore

10

Class One is an impaired class and entitled to vote on the Plan. *See In re PPI Enters. (U.S.), Inc.*, 324 F.3d 197, 206 (3d Cir. 2003) (providing that, to be considered unimpaired, a secured claim must receive payment in full, including of all postpetition interest). The best interests test is satisfied as to each holder of a Claim in Class One (BOG Secured Claim), because BOG has voted to accept the Plan.

**H.   Each Class Has Accepted the Plan or is Unimpaired, in Compliance with Section 1129(a)(8) of the Bankruptcy Code.**

33.   Section 1129(a)(8) of the Bankruptcy Code provides that "[w]ith respect to each class of claims or interests—(A) such class has accepted the plan; or (B) such class is not impaired under the plan." 11 U.S.C. § 1129(a)(8). Pursuant to section 1126(c), a "class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors . . . that have accepted or rejected such plan." *Id*. § 1126(c).

34.   Here, holders of claims in Class One of the Plan (BOG Secured Claim) are impaired and entitled to vote on the Plan. As detailed on the Ballot Report, Class One has voted in favor of confirmation of the Plan. Holders of Claims or Interests in Classes Two, Three, Four, Five, Six, and Seven of the Plan are unimpaired and not entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code.

35.   Based on the foregoing, section 1129(a)(8) of the Bankruptcy Code is satisfied as the only class entitled to vote, Class One, has voted in favor of the Plan.

**I.   The Plan Complies the Requirements of Section 1129(a)(9) of the Bankruptcy Code Regarding the Treatment of Administrative and Priority Claims.**

36.   Pursuant to section 1129(a)(9) of the Bankruptcy Code, certain types of administrative and priority claims must be paid in cash an amount equal to the allowed amount of

the claim on the effective date of the plan, unless the claimant agrees to different treatment. 11 U.S.C. § 1129(a)(9). Pursuant to section 3.2, the Plan provides for payment of Allowed Administrative Claims (as those terms are defined in the Plan) in accordance with sections 1129(a)(9)(A) and (B) of the Bankruptcy Code, or a treatment agreed between the holder of an Allowed Administrative Claim and the Debtor. Accordingly, section 1129(a)(9) of the Bankruptcy Code is satisfied by the Plan.

### J. At Least One Impaired Class Has Accepted The Plan, in Compliance with Section 1129(a)(10) of the Bankruptcy Code.

37. Section 1129(a)(10) of the Bankruptcy Code provides that "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider." As set forth above, the Plan satisfies section 1129(a)(10) because Class One (BOG Secured Claim), an impaired class under the Plan, has voted to accept the Plan.

### K. The Plan is Feasible and Complies with Section 1129(a)(11) of the Bankruptcy Code.

38. Section 1129(a)(11) of the Bankruptcy Code requires the Bankruptcy Court find the Plan is feasible as a condition precedent to confirmation. *See* 11 U.S.C. § 1129(a)(11). To demonstrate that a plan is feasible, it is not necessary that success be guaranteed. *See In re Johns-Manville*, 843 F.2d at 649 ("[T]he feasibility standard is whether the plan offers a reasonable assurance of success. Success need not be guaranteed."). In order to determine whether section 1129(a)(11) is satisfied, a court must "scrutinize the plan to determine whether it offers a reasonable prospect of success and is workable." *Id.* (quoting *In re Sagewood Manor Assocs. Ltd. P'ship*, 223 B.R. 756, 762 (Bankr.D.Nev.1998)).

39. The feasibility standard is simplified when a court is asked to evaluate liquidating chapter 11 plan against section 1129(a)(11). In the context of a liquidating plan, feasibility is

established by demonstrating that the debtor is able to satisfy the conditions precedent to effectiveness of the plan and otherwise has sufficient funds to meet its post-confirmation obligations to pay for the costs of administering and fully consummating the Plan and closing the chapter 11 case. *See In re Finlay Enters., Inc.*, No. 09–14873 (JMP), 2010 WL 6580629, at *2-6 (Bankr. S.D.N.Y. May 18, 2010).

40. As set forth in the Pothen Declaration, the Debtor has sufficient funds to administer and consummate the Plan and to close the chapter 11 case. Accordingly, the Plan has a reasonable likelihood of success and is feasible pursuant to section 1129(a)(11) of the Bankruptcy Code.

**L.    The Plan Provides for Payment of All Statutory Fees in Compliance with Section 1129(a)(12) of the Bankruptcy Code.**

41. Section 1129(a)(12) of the Bankruptcy Code requires that "[a]ll fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan." Accordingly, section 1129(a)(12) of the Bankruptcy Code, Section 3.2(b) of the Plan provides that "[a]ll U.S. Trustee Fees due and payable prior to the Effective Date shall be paid by the Debtor on the Effective Date, pursuant to section 1129(a)(2) of the Bankruptcy Code." Therefore, the all fees payable under section 1930 of title 28 have either been paid or will be paid pursuant to the Plan.

**M.    Section 1129(a)(13)–(16) are not applicable to the Debtor.**

42. Section 1129(a)(13) of the Bankruptcy Code requires that a plan provide for the continued payment of certain retiree benefits "for the duration of the period [that] the debtor has obligated itself to provide such benefits" at the level established by section 1114 of the Bankruptcy Code. 11 U.S.C. § 1129(a)(13). The Plan does not provide for any payment of retiree benefits. Accordingly, section 1129(a)(13) is inapplicable in this case.

43. Section 1129(a)(14) of the Bankruptcy Code is not applicable because the Debtor does not pay domestic support obligations.

44. Section 1129(a)(15) of the Bankruptcy Code is not applicable because the Debtor is not an individual.

45. Section 1129(a)(16) of the Bankruptcy Code is not applicable because the Debtor is not a non-profit organization.

### N. Section 1129(c)-(e): The Plan Satisfies the Remaining Applicable 1129 Requirements.

46. The Plan is the only plan filed in this chapter 11 case, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the Plan thus satisfies the requirements of section 1129(d) of the Bankruptcy Code. Finally, this chapter 11 case is not a "small business case" as that term is defined in the Bankruptcy Code, and section 1129(e) of the Bankruptcy Code is inapplicable

### CONCLUSION

Based on the foregoing and the evidence to be submitted at the Confirmation Hearing, the Debtor respectfully submits that the Plan is confirmable under section 1129(a) of the Bankruptcy Code. Accordingly, the Debtor requests this Court enter an order: (a) confirming the Plan in all respects; and (b) granting such other and further relief as this Court deems just and proper.

Dated: December 3, 2025　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ *Andrew C. Helman*

**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*