**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>　　　Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**DECLARATION OF AJAY POTHEN IN SUPPORT OF PLAN OF LIQUIDATION OF MARIANAS PROPERTIES, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** |

I, Ajay Pothen, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1. I am the President of Marianas Properties, LLC, formerly doing business as the Pacific Star Hotel (the "Debtor"). I have been employed by the Debtor since August 2010 and have served as the Debtor's President since 2019.

2. All facts set forth in this declaration are based on my personal knowledge or, where specified, based on my knowledge, information, or belief. If I were called to testify, then I would testify competently as to the facts set forth in this declaration.

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 272 E. Harmon Industrial Park Road, Unit 201, Tamuning, GU 96913.

1

3.  In my capacity as the Debtor's President, I am familiar with the Debtor's day-to-day business operations and financial affairs.

4.  I am authorized by the Debtor to submit this declaration in support of confirmation of the Debtor's *Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 225-1] (the "Plan").[2]

5.  Relevant background of the Debtor's business is set forth in my *Declaration of Ajay Pothen in Support of Chapter 11 Petition and First Day Motions* [Dkt. No. 6] (the "First Day Declaration") and sections 1.1 and 1.2 of the *Second Revised Disclosure Statement for the Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code Motions* [Dkt. No. 226-1] (the "Disclosure Statement"), both of which are incorporated herein by reference.

6.  It is my understanding that the Plan complies with applicable provisions of title 11 of the United States Code (the "Bankruptcy Code"), was proposed in good faith, and the Debtor, acting through its officers and professionals, has conducted itself in a manner that complies with applicable law in relation to the formulation, negotiation of, and voting on the Plan. The Plan is the only proposed plan in this chapter 11 case.

## I. The Chapter 11 Plan and its Development

### A. General Background

7.  During the Debtor's chapter 11 Case, I have learned what a chapter 11 plan is and understand it to be the document effectuating the liquidation of the Debtor's remaining assets and setting out rights of affected parties going forward.

8.  I, working with the Debtor's attorneys, have been personally involved in every step of the Debtor's chapter 11 case, including in the development of the Plan. This has included both

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Plan.

strategic planning and day-to-day decision-making and negotiations with respect to the contents of the Plan and its treatment of creditors.

9. The Debtor's general strategy has been to seek a consensual Plan, to the maximum extent possible within the Debtor's cash and balance sheet limitations, in order to avoid unnecessary disputes and ensure that the Debtor's creditors receive amounts that they are entitled to under the Bankruptcy Code.

10. I have read the Debtor's Plan, and I approved of its filing with this Court.

11. It is my understanding that the Plan complies with the applicable provisions of the Bankruptcy Code as required by section 1129(a)(1).

### B. Compliance with Sections 1129(a)(2) and 1123 of the Bankruptcy Code

12. I understand that the Plan (i) designates classes of claims, (ii) indicates which classes are "unimpaired" and "impaired" (which I understand to mean has its rights altered by the Plan), (iii) and specifies the treatment of creditors holding such claims in a manner that is the same for members of each class.

13. I understand that the Plan further provides for means to implement the Plan.

14. The Debtor's remaining assets will be liquidated and distributed under the Plan.

15. The Debtor will not merge or consolidate with any other person or entity.

16. The Debtor will not issues securities or equity interests pursuant to the Plan. Holders of equity interests in the Debtor will retain their interests under the Plan.

### C. Compliance with Section 1129(a)(3) of the Bankruptcy Code

17. The purpose of the Debtor in proposing its Plan is (a) liquidating the Debtor's remaining assets and (b) facilitating payments to the Debtor's creditors consistent with the Bankruptcy Code. To the best of my knowledge, confirmation of the Plan will achieve these

objectives.

18. To the best of my knowledge, the Debtor proposed the Plan in good faith and not by any means forbidden by law.

### D. Compliance with Section 1129(a)(4) of the Bankruptcy Code

19. The Plan does not provide for payment for services or costs and expenses in or in connection with the Chapter 11 Case or the Plan.

### E. Compliance with Section 1129(a)(5) of the Bankruptcy Code

20. As noted above, the Plan is a plan of liquidation, and upon the Effective Date, remaining assets of the Debtor will be distributed to holders of claims and interests pursuant to the Bankruptcy Code. The Debtor's existing management will continue to manage the Debtor following confirmation of the Plan. The Debtor does not anticipate that existing management will receive additional compensation after confirmation of the Plan. Therefore, it is my understanding that section 1129(a)(5) of the Bankruptcy Code is inapplicable to this Chapter 11 Case.

### F. Compliance with Section 1129(a)(6) of the Bankruptcy Code

21. I understand that section 1129(a)(6) of the Bankruptcy Code is not applicable, because the Debtor does not charge rates subject to any governmental regulatory commissions.

### G. Compliance with Section 1129(a)(7) and 1129(a)(8) of the Bankruptcy Code

22. I have reviewed the *Summary Ballot Report and Certification* [Dkt. No. 217] (the "Ballot Report") prepared by the Debtor's attorneys and the ballots received by the Debtor. To the best of my knowledge, all impaired classes of creditors have accepted the Plan.

### H. Compliance with Section 1129(a)(9) of the Bankruptcy Code

23. It is my understanding that the Plan's treatment of Allowed Administrative Expenses (including Professional Fee Claims), Allowed Priority Tax Claims, and Allowed Priority

4

24819562.v3  Case 24-00013   Document 240   Filed 12/18/25   Page 4 of 6

Non-Tax Claims satisfies section 1129(a)(9) of the Bankruptcy Code as all Administrative Expenses either will be paid in full on the Effective Date of the Plan, or will be paid when due or once such claim becomes an Allowed Claim, unless the holder of such claim has agreed to an alternate treatment.

### I. Compliance with Section 1129(a)(10) of the Bankruptcy Code

24. Class One is impaired and has voted to accept the Plan. It is my understanding that the Plan will comply with section 1129(a)(10) of the Bankruptcy Code.

### J. Compliance with Section 1129(a)(11) of the Bankruptcy Code

25. It is my understanding that the Plan is feasible and complies with section 1129(a)(11) of the Bankruptcy Code. I believe the Plan will provide sufficient funds, in light of the current estimates of the Debtor's cash balances, to fund the distributions that will be required by the Plan on the Effective Date.

### K. Compliance with Sections 1129(a)(12) – 1129(a)(16)

26. The Plan provides that all fees payable on or before the Effective Date pursuant to 28 U.S.C. § 1930 will be paid by the Debtor on or before the Effective Date. It is my understanding that the Plan complies with section 1129(a)(12) of the Bankruptcy Code.

27. The Debtor does not provide retiree benefits to anyone.

28. The Debtor is not required to pay domestic support obligations.

29. The Debtor is not an individual.

30. The Plan provides that all transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust. It is my understanding, therefore, that the Plan complies with section 1129(a)(16) of the

5
24819562.v3   Case 24-00013   Document 240   Filed 12/18/25   Page 5 of 6

Bankruptcy Code.

## II. Conclusion

31. In my judgment, based on my experience, knowledge of the Debtor's business operations, and knowledge of the contents of the Plan, I believe that the Plan will enable the holders of claims to realize the highest possible recoveries under the circumstances of this Chapter 11 Case. I therefore conclude that the Plan is in the best interests of all creditors and respectfully request that the Bankruptcy Court enter an order confirming the Plan.

32. In my judgment, based on my experience, knowledge of the Debtor's business operations, and knowledge of the contents of the Plan, the Debtor has benefited from the chapter 11 reorganization process.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: December 18, 2025

*/s/ Ajay Pothen*
Ajay Pothen