**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (admitted *pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re<br><br>MARIANAS PROPERTIES, LLC, [1]<br><br>Debtor. | Bankruptcy Case No. 24-00013<br>Chapter 11<br><br>**ORDER (I) APPROVING DISCLOSURE STATEMENT ON A FINAL BASIS AND (II) CONFIRMING SECOND REVISED PLAN OF LIQUIDATION OF MARIANAS PROPERTIES, LLC UNDER CHAPTER 11 OF THE BANKRUPTCY CODE** |

Upon consideration of the *Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 225-1] (the "Plan")[2] filed by Marianas Properties, LLC (the "Debtor"); and this court having conducted a combined final hearing (the "Hearing") on confirmation of the Plan and the adequacy of the information contained in the *Second Revised Disclosure Statement for the Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 226-1] (the "Disclosure Statement"); and this court having considered the submissions of counsel for the Debtor, the

---

[1] The last four digits of the taxpayer identification number of Marianas Properties, LLC ("Marianas Properties"), are 9263. The principal office of Marianas Properties, LLC, is located at 272 E. Harmon Industrial Park Road, Unit 201, Tamuning, GU 96913.

[2] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Plan, as revised and filed at Docket No. 225-1.

1

25271699.v2

evidence presented at the hearing, and the materials filed in support of the Plan and Disclosure Statement; and this court having considered the Plan and Disclosure Statement; and with all objections, if any, to the Plan and Disclosure Statement having been resolved, withdrawn, or overruled; and with a copy of the Plan attached hereto as **Exhibit A** and incorporated herein by reference; and with the court having determined after adequate notice and opportunity for a hearing that the requirements set forth in 11 U.S.C. § 1129 have been satisfied; the court hereby **FINDS** and **DETERMINES** as follows:

A. To the extent necessary, the findings and conclusions set forth herein and on the record of the hearing constitute this court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable in this proceeding by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

B. This court has jurisdiction to enter this Confirmation Order pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of this Court.

D. Any resolution of objections to the Plan, if any, explained on the record at the hearing are hereby incorporated by reference. All unresolved objections, statements, informal objections, and reservations of rights, if any, related to the confirmation of the Plan are overruled on the merits.

2
25271699.v2
Case 24-00013   Document 245   Filed 12/23/25   Page 2 of 6

E. The Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code.

F. As evidenced by the *Debtor's Certificate of Service Regarding Solicitation Package* [Docket No. 213] filed on October 23, 2025, The Debtor caused a copy of the *Ballot for Accepting or Rejecting Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code Dated October 16, 2025* (the "Ballot") [Docket No. 203-2] to be distributed as required by sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other rules, laws, and orders applicable to such solicitation. The Ballot and a copy of the *Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11 of the Bankruptcy Code* [Docket No. 210] (the "Revised Plan") were transmitted in accordance with this Court's *Order Granting the Debtor's Motion for Entry of an Order (I) Conditionally Approving the Revised Disclosure Statement for the Revised Chapter 11 Plan of Liquidation; (II) Scheduling a Combined Hearing on the Revised Plan and Revised Disclosure Statement; and (III) Approving Procedures for Solicitation and Voting, Including Dates, Deadlines, and Notices Related to Confirmation of the Revised Plan; and (IV) Granting Related Relief* (the "Solicitation Order") [Docket No. 211]. Sufficient time was provided for the voting class under the Plan to accept, reject, or object to confirmation of the Plan. Such transmittal and service was adequate and sufficient under the circumstances and no further notice is or shall be required.

G. Solicitation of acceptance or rejection of the Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and all other rules, laws, and regulations applicable to such solicitation.

H. The Plan complies with the applicable classification requirements of sections 1122 and 1123 Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code.

3

I. The Plan provides for adequate means for the Plan's implementation, as required by section 1123(a)(5) of the Bankruptcy Code.

J. The Plan complies with the disclosure and solicitation requirements of section 1129(a)(2), 1125, and 1126 of the Bankruptcy Code.

K. The Plan has been proposed in good faith and not by any means forbidden by law, as required by section 1129(a)(3) of the Bankruptcy Code.

L. Any payments made or promised by the Debtor for services or costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, are subject to approval of this court as reasonable, as required by section 1129(a)(4) of the Bankruptcy Code

M. The Debtor's existing management will continue to manage the Debtor following confirmation of the Plan and will not receive additional compensation after confirmation of the Plan. Thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

N. The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Case because the Debtor does charge rates set within the jurisdiction of any regulatory commission.

O. As evidenced by the Plan, the *Summary Ballot Report and Certification* [Docket No. 217] (the "Ballot Report"), and as presented at the hearing, each holder of a Claim or Interest in each impaired class has accepted the Plan. The Plan, therefore, satisfies section 1129(a)(7) of the Bankruptcy Code.

P. On November 20, 2025, the Debtor filed the Ballot Report. As evidenced by the Ballot Report and based on the record before the court, Class One voted to accept the Plan in accordance with the requirements of section 1126 of the Bankruptcy Code. Holders of Claims and

Interests in Classes Two through Seven of the Plan are unimpaired and not entitled to vote on the Plan pursuant to section 1126(f) of the Bankruptcy Code. The Plan, therefore, satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code.

Q. Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of administrative and priority Claims under the Plan complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

R. As evidenced by the Ballot Report, Class One, an impaired class under the Plan, voted to accept the Plan determined without including any acceptances of the Plan by any insider. Therefore, the Plan satisfies the requirements of section 1129(a)(10) of the Bankruptcy Code.

S. As evidenced by the Plan as presented at the Hearing, the Plan is feasible and thus satisfies the requirements of section 1129(a)(11) of the Bankruptcy Code.

T. The Plan provides that all fees payable on or before the Effective Date pursuant to 28 U.S.C. § 1930 will be paid by the Debtor on or before the Effective Date. Therefore, the Plan complies with section 1129(a)(12) of the Bankruptcy Code.

U. Section 1129(a)(13) – (15) are inapplicable to the Debtor in this Chapter 11 Case.

V. The Plan provides that all transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust; thus, the Plan complies with section 1129(a)(16) of the Bankruptcy Code.

W. The Plan meets the requirements for modification pursuant to section 1127(a) of the Bankruptcy Code, and the Plan is deemed to be accepted by all creditors who previously accepted the Revised Plan pursuant to section 1127(d) of the Bankruptcy Code and Bankruptcy Rule 3019(a).

X. As a result of the foregoing, the Plan satisfies all applicable confirmation requirements.

Y. This court may retain jurisdiction over the matters set forth in Article XI of the Plan.

**ACCORDINGLY**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1. Based upon the record of the hearing held December 19, 2025, with respect to confirmation of the Plan, any and all objections to confirmation are overruled or were withdrawn, with prejudice, and the Plan (as revised and filed at ECF No. 225-1) is **CONFIRMED** as set forth in this Order.

2. A copy of the Plan, as confirmed by this Order, is attached hereto as **Exhibit A**, and the terms of the Plan are incorporated herein by reference.

3. The Disclosure Statement is hereby approved on a final basis as containing adequate information pursuant to 11 U.S.C. § 1125(a).

4. It is further **ORDERED**, **ADJUDGED**, and **DECREED** that the court shall retain jurisdiction to the full extent requested in the Plan and as necessary to administer the above-captioned Chapter 11 Case after entry of this Order and to adjudicate any related adversary proceedings or contested matters.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Dec 23, 2025**