**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (*pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re:<br><br>MARIANAS PROPERTIES, LLC,[1]<br><br>           Debtor. | Case No. 24-00013<br><br>Chapter 11<br><br>**DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE AND ORDER CLOSING THE CHAPTER 11 CASE** |

Marianas Properties, LLC (the "<u>Debtor</u>") hereby submits this motion (the "<u>Motion</u>") for the entry of an order pursuant to section 350 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3022-1 of the Bankruptcy Local Rules of the U.S. District Court of Guam, Bankruptcy Division (the "<u>Local Rules</u>"), for entry of a final decree and an order closing the above-captioned chapter 11 case. In support of this Motion, the Debtor respectfully states as follows:

---

[1]     The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 272 E. Harmon Industrial Park Road, Unit 201, Tamuning, GU 96913.

25360684.v2

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory and legal predicates for the relief requested herein are section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Rule 3022-1.

## BACKGROUND AND REQUEST FOR RELIEF

3.    On September 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  During this case, the Debtor operated its business and managed its affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4.    On December 3, 2025, the Debtor filed the *Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11  of the Bankruptcy Code* [Dkt. No. 225] (the "Plan").

5.    On December 23, 2025, the Court entered an Order confirming the Debtor's Plan [Dkt. No. 245] (the "Confirmation Order").

6.    On January 7, 2026, the Debtor filed the *Notice of the Effective Date of the Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11  of the Bankruptcy Code* [Dkt. No. 246].  The Effective Date[2] of the Plan occurred on January 7, 2026.

7.    On February 21, 2026, the Debtor filed the following: (i) *Final Fee Application for Compensation and Reimbursement of Expenses of Dentons as Counsel to the Debtor for the Period of September 12, 2024, Through January 7, 2026, and for Related Relief* [Dkt. No. 249] (the "Dentons Fee Application"); (ii) *Final Application for Compensation of Gibbins Advisors, LLC as*

---

[2]    Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Plan.

25360684.v2

*Financial Advisor to the Debtor for the Period of September 12, 2024, Through January 7, 2026, and for Related Relief* [Dkt. No. 250] (the "Gibbins Fee Application"); and (iii) *Final Application for Compensation and Reimbursement of Expenses of The Law Offices of Minakshi V. Hemlani P.C. as Local Counsel to the Debtor for the Period of September 12, 2024, Through January 7, 2026, and for Related Relief* [Dkt. No. 251] (the "Hemlani Fee Application" and together with the Dentons Fee Application and the Gibbins Fee Application, the "Applications").

8.      On February 28, 2026, the Debtor filed the *Notice of Hearing on Fee Applications of the Debtors Professionals* [Dkt. No. 253], providing notice that a hearing on the Applications was scheduled for April 17, 2026, at 10:30 a.m. (CHST).

9.      Further, on April 4, 2026, the Debtor filed the *Notice of Substantial Consummation of the Second Revised Plan of Liquidation of Marianas Properties, LLC Under Chapter 11  of the Bankruptcy Code* [Dkt. No. 256], which provided notice that the Plan had been substantially consummated based on the (i) occurrence of the Effective Date and (ii) completion of distributions required under the Plan.

10.     On April 21, 2026, the Court entered orders granting the Applications on a final basis. [Dkt. Nos. 257-259].[3]

---

[3]      Pursuant to the Court's *Order Granting First Interim Fee Application for Compensation and Reimbursement of Expenses of the Law Offices of Minakshi V. Hemlani, P.C. as Counsel to the Debtor for the Period of September 12, 2024, Through June 30, 2025, and for Related Relief* [Dkt. No. 241], the Court approved, on an interim basis, aggregate fees for Hemlani totaling $33,298.20. The cumulative total of approved fees for Hemlani listed in the January MOR reflected a higher amount than was approved by the Court. Hemlani was overpaid professional fees totaling approximately $12,800.00. This overpayment was due to the sequencing of filing the Debtor's professionals' interim fee applications, and a failure to account for a previous payment of professional fees to Hemlani in December of 2024 under the terms of the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* [Dkt. No. 127] when preparing Hemlani's first interim fee application.

The Debtor and Hemlani have reached an agreement to resolve the overpayment, whereby Hemlani is holding the overpaid funds for the Debtor with the Debtor's consent.

11.     The Debtor has made all disbursements required under the Plan.  More specifically, the Debtor made all payments on account of Allowed Claims pursuant to section 5.9 of the Plan on the Effective Date or as soon as practicable thereafter.  Finally, the Applications for professional fees and expenses have been granted on a final basis.

## RELIEF REQUESTED

12.     By this Motion, the Debtor requests that the Court enter the Final Decree, closing the above-captioned case.

## BASIS FOR RELIEF

13.     "After the estate is *fully administered* in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."  Fed. R. Bankr. P. 3022 (emphasis added); *see also* 11 U.S.C. § 350(a) ("After an estate is fully administered . . . the court shall close the case.").

14.     Although neither the Bankruptcy Code nor the Bankruptcy Rules articulate when an estate is "fully administered," the Advisory Committee Note to Bankruptcy Rule 3022 indicates that a court should consider the following factors:

a.     Whether the order confirming the plan has become final;
b.     Whether deposits required by the plan have been distributed;
c.     Whether the property proposed by the plan to be transferred has been transferred;
d.     Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
e.     Whether payments under the plan have commenced; and
f.     Whether all motions, contested matters, and adversary proceedings have been finally resolved.

*See* Advisory Committee Note to Bankruptcy Rule 3022 (1991).

15.     Some courts consider the factors set forth in the Advisory Committee Note to Bankruptcy Rule 3022, as well as any other relevant factors, when determining whether a case is "fully administered" for final decree purposes.  *In re Federated Dep't Stores, Inc.*, 43 Fed. Appx.

25360684.v2

820, 822 (6th Cir. 2002). Courts have found that "other relevant factors" include "numerous case-specific, procedural, and practical factors." *In re Union Home and Indus., Inc.*, 375 B.R. 912, 917 (10th Cir. BAP 2007); *see also In re Necaise*, 443 B.R. 483, 493 (Bankr. S.D. Miss. 2010).

16. Applying the factors set forth in the Advisory Committee Note to Bankruptcy Rule 3022, the case is "fully administered." The Confirmation Order has become final. As set forth above, the Confirmation Order was entered on December 23, 2025. Accordingly, because no appeal of the Confirmation Order was taken, the Confirmation Order became final on January 6, 2026. All distributions required by the Plan have been made. All motions, contested matters, and adversary proceedings related to these cases have been finally resolved, including the Applications.

17. In sum, all of the factors listed in the Advisory Committee Note to Bankruptcy Rule 3022 are satisfied, the Plan has been substantially consummated, and the Debtor's estate has been fully administered. Accordingly, entry of the Final Decree is appropriate.

<u>**NOTICE**</u>

18. The Debtor has served a copy of this Motion, along with the accompanying proposed order, via this Court's CM/ECF system on all parties who have requested electronic notice in this case, including the UST. Pursuant to Local Rule 3022-1, the Debtor shall also serve a copy of this Motion on the holders of the 20 largest unsecured claims. In light of the nature of the relief requested by the Motion, the Debtor submits that this service and notice is sufficient.

## CONCLUSION

19.     The Debtor respectfully requests that this Court: (a) grant the Motion; (b) enter a Final Decree; (c) approve the form and manner of notice and service described above; and (d) grant such other and further relief as the Court deems just and appropriate.

Dated: June 24, 2026                    Respectfully submitted,

 

                        **LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**

                        */s/ Minakshi V. Hemlani*

                        **MINAKSHI V. HEMLANI**

                        **DENTONS BINGHAM GREENEBAUM LLP**

                        */s/ Andrew C. Helman*

                        **ANDREW C. HELMAN**

                        *Counsel for the Debtor*

**MINAKSHI V. HEMLANI**
**LAW OFFICES OF MINAKSHI V. HEMLANI, P.C.**
285 FARENHOLT AVE., SUITE C-312
TAMUNING, GUAM 96913
TELEPHONE: (671) 588-2030
EMAIL: mvhemlani@mvhlaw.net

**ANDREW C. HELMAN** (*pro hac vice*)
**DENTONS BINGHAM GREENEBAUM LLP**
ONE CITY CENTER, SUITE 11100
PORTLAND, ME 04101
TELEPHONE: (207) 619-0919
EMAIL: andrew.helman@dentons.com

*Counsel for the Debtor*

## THE DISTRICT COURT OF GUAM

| | |
|---|---|
| In re: | Case No. 24-00013 |
| MARIANAS PROPERTIES, LLC,[1] | Chapter 11 |
| Debtor. | **FINAL DECREE** |

This matter having come before the Court on the *Debtor's Motion for Entry of Final Decree and Order Closing the Chapter 11 Case* (the "Motion"), filed by Marianas Properties, LLC (the "Debtor"), and the Court finding that the Debtor's estate has been fully administered, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED** as follows:

1.      The Motion is GRANTED.

2.      The Debtor's above-captioned chapter 11 case is closed.

3.      The form and manner of notice and service of the Motion, as described in the Motion, was sufficient in light of the nature of the relief requested in the Motion.

---

[1]      The last four digits of the taxpayer identification number of Marianas Properties, LLC, are 9263. The principal office of Marianas Properties, LLC, is located at 272 E. Harmon Industrial Park Road, Unit 201, Tamuning, GU 96913.

25360684.v2

Dated: _____, 2026

Hon Frances M. Tydingco-Gatewood
Chief Judge, United States District Court for
the District of Guam – Bankruptcy Division

25360684.v2